John DICKSON, Appellant,

v.

April D'ANGELO, Appellee.

No. 84A04–0011–JV–476.

Court of Appeals of Indiana.

June 6, 2001.

John Dickson, Carlisle, IN, Appellant Pro Se.

## OPINION

FRIEDLANDER, Judge.

John Dickson, appearing *pro se*, appeals from a September 15, 2000 order of the trial court denying his application for leave to prosecute or defend as an indigent person and for assignment of an attorney to defend or prosecute this paternity action and resolving this matter on the basis of res judicata.[1] The following

---

1. No appellee's brief has been filed in this matter. When an appellee has not filed a

brief on appeal, "we need not undertake the burden of developing arguments for the ap-

restated issues are presented in this appeal:

1. Did the trial court err in refusing to appoint counsel for Dickson?
2. Did the trial court err in denying Dickson's verified petition to establish paternity?

We reverse and remand.

On October 8, 1999, Dickson, an inmate at the Wabash Valley Correctional Facility, filed a verified petition to establish paternity of C.L.D., born January 15, 1996. Dickson also filed a motion in which he sought waiver of the filing fees in this action due to his indigent status. In support of such motion, Dickson filed a statement of exceptional circumstances and copies of his prison trust fund account statements.

In response to Dickson's filings, the Vigo County Juvenile Court magistrate sent Dickson a letter, which stated in pertinent part:

This is to advise that we have file marked your paternity petition and other pleadings submitted to the court. We are returning your check in the amount of $7.80 as it has been the policy of this court to not charge for paternity filings.

Please advise as to your expected release date so that we may set this matter for hearing shortly thereafter.

*Record* at 21.

In a letter to Dickson dated August 14, 2000, the magistrate stated:

This is to advise that the prosecutor's office has brought to our attention that a paternity affidavit was signed at Union Hospital in Terre Haute by April D'Angelo and another man which legally established paternity over [C.L.D.].

Further, a support case was initiated by the prosecutor's office concerning this child on April 12, 1996 under Case No. 84C01 9604 JP 00278. During the course of that case, the other man named in the paternity affidavit appeared in court and acknowledged his paternity for this child.

This information now greatly complicates your petition to establish paternity. As I cannot answer any of your questions nor provide you with legal advise [sic], it is in your interest to contact an attorney to assist you in the proper handling of your claim in light of the existence of the other case.

*Record* at 24. Dickson thereafter filed an application for leave to prosecute or defend as an indigent person and for assignment of an attorney to defend or prosecute the cause, a memorandum in support of such application, his own declaration concerning, *inter alia,* his indigent status, and copies of his prison trust fund account statements.

On September 15, 2000, the trial court entered an order, which stated in pertinent part:

Comes now John Dickson, pro se, and files his Application for Leave to Prosecute or Defend as an Indigent Person and for Assignment of an Attorney to Defend or Prosecute the Cause, Memorandum of Law in Support of the Application, and Declaration of John Dickson wherein he alleges he is the biological father of the minor child.

The court, having examined same, does hereby deny all motions for the reason that the paternity of the minor child was established in Case No. 84C01

---

pellee." *Railing v. Hawkins,* 746 N.E.2d 980, 982 (Ind.Ct.App. 2001). In addition, we apply a less stringent standard of review and may reverse the trial court when the appellant establishes prima facie error, which is defined as error "at first sight, on first appearance, or on the face of it." *Id.*

9604 JP 00278 and the issue is, therefore, res judicata as to this petitioner. *Record* at 43.

### 1.

■ The trial court erred in refusing to appoint counsel for Dickson.

■ Ind.Code Ann. § 34–10–1–1 (West 1999) provides: "An indigent person who does not have sufficient means to prosecute or defend an action may apply to the court in which the action is intended to be brought, or is pending, for leave to prosecute or defend as an indigent person." IC § 34–10–1–2 provides:

If the court is satisfied that a person who makes an application described in section 1 of this chapter does not have sufficient means to prosecute or defend the action, the court shall:

(1) admit the applicant to prosecute or defend as an indigent person; and

(2) assign an attorney to defend or prosecute the cause.

All officers required to prosecute or defend the action shall do their duty in the case without taking any fee or reward from the indigent person.

This statute mandates that courts appoint counsel for indigent civil litigants in all situations. *Sholes v. Sholes*, 732 N.E.2d 1252 (Ind.Ct.App.2000), *trans. pending*. The threshold determination of indigency is a matter within the sound discretion of the trial court. *Holmes v. Jones*, 719 N.E.2d 843 (Ind.Ct.App.1999). Once indigency is established, a trial court has no discretion under the statute to determine whether to grant a request for appointed counsel. *See id.*[2]

In light of Dickson's declaration, in which he states that he is indigent and incarcerated, and the certified copies of his prison trust fund account statements, there is no question but that Dickson is indigent and that he is entitled to the appointment of counsel. *See id.* at 848 ("In light of [the biological father's] uncontroverted allegation in his motion that he was incarcerated, has no income, property, or assets, and that he could not afford to hire counsel, we are unable to reconcile the denial of [the biological father's] motion with the mandatory language of the statute").

### 2.

■ The trial court erred in denying, on res judicata grounds, Dickson's verified petition to establish paternity. The court should not have made such a determination without first assigning an attorney to represent Dickson. Further, it appears likely that Dickson was neither a party to the paternity action to which the trial court referred in its September 15, 2000 order nor in privity with any party in that action.[3]

The doctrine of res judicata bars litigation of a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies. The principle behind this doctrine ... is the prevention of repetitive litigation of the same dis-

---

**2.** On February 27, 2001, the Indiana Senate passed, by a vote of 49–0, Senate Bill No. 104 (SB 104), which, among other things, would have amended IC § 34–10–1–2 to eliminate the requirement that a court provide an attorney for an indigent person in all civil actions. SB 104 was amended and ordered engrossed by the Indiana House of Representatives on April 10, 2001. The Senate dissented from the House amendments, and the bill was assigned to a conference committee. The bill did not make it out of the conference committee before the legislative session ended on April 29, 2001.

**3.** We have been provided no information regarding the previous action to which the trial court referred.

**100**

pute. The following four requirements must be satisfied for a claim to be precluded under the doctrine of res judicata: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

\* \* \*

[T]he fourth factor requires that the parties to the subsequent action must be the same parties as, or those in privity with, those in the first action. The term "privity" describes the relationship between persons who are parties to an action and those who are not parties to an action but whose interests in the action are such that they may nevertheless be bound by the judgment in that action. The term includes those who control an action, although not a party to it, and those whose interests are represented by a party to the action.

*Small v. Centocor, Inc.*, 731 N.E.2d 22, 26–28 (Ind.Ct.App.2000) (some citations omitted), *trans. denied.* Assuming, without deciding, that Dickson was not a party or in privity with a party in the earlier action involving acknowledgment of paternity to C.L.D. by another man, the trial court erred in determining that the paternity of C.L.D. is res judicata as to Dickson. Because Dickson was entitled, pursuant to IC § 34–10–1–2, to an attorney to represent him in this matter and because there is a valid argument to be made that this matter is not barred by the doctrine of res judicata, we reverse the trial court's September 15, 2000 order and remand this

case to the trial court for further proceedings consistent with this opinion.

Judgment reversed and remanded.

RILEY, J., and SULLIVAN, J., concur.