**KEYBANK NATIONAL ASSOCIATION, Appellant–Petitioner,**

v.

**Stephen J. MICHAEL, as Receiver for New Friction Material Company, Inc., Appellee–Respondent.**

No. 35A05–9912–CV–541.

Court of Appeals of Indiana.

June 12, 2002.

Robert W. Eherenman, Haller & Colvin, P.C., Fort Wayne, IN, Attorney for Appellant.

James P. Fenton, Eilbacher Scott, P.C., Fort Wayne, IN, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge.

We are confronted in this case with circumstances somewhat out of the ordinary. The presenting issue centers upon a pleading that KeyBank National Association (KeyBank) filed with this court entitled, "Appellant's Verified Petition for Writ in Aid of Appellate Jurisdiction and/or Writ of Mandate" (Petition for Writ). In order to understand the meaning and import of that pleading, we must backtrack and summarize the litigation from which it arose.

The lengthy and complicated facts that underlie the lawsuit culminating in this appeal were set forth by this court in *KeyBank Nat. Ass'n v. Michael*, 737 N.E.2d 834 (Ind.Ct.App.2000), and need not be reproduced in detail here. To summarize those facts, Friction Material Company, Inc. (FMCI) defaulted on a loan made by KeyBank. As a result, KeyBank demanded immediate repayment of the outstanding balance of the loan, plus interest and collection expenses. KeyBank then instituted proceedings requesting foreclosure and the appointment of a receiver. The court scheduled a hearing on the request for a receiver for November 4, 1999.

On November 3, 1999, New Friction Material Company, Inc. (New Friction), as the purported successor by merger to FMCI,

filed its petition for voluntary dissolution and for appointment of a receiver. Also on November 3, a hearing on the dissolution of New Friction was held without notice to KeyBank. New Friction asserted that it had been incorporated "for the sole purpose of acquiring all assets and obligations of Friction Material Company, Inc., thereby domesticating its assets and operations and thus authorizing the initiation of a voluntary dissolution by court proceeding under IC 23–1–47–1(4)." *Record* at 135. New Friction's articles of dissolution asserted that it was incorporated on November 2, 1999, an assertion that was not accurate. New Friction requested the appointment of a receiver to liquidate the business.

On November 3, 1999, the trial court granted New Friction's petition for dissolution and the corporation was dissolved effective as of that date. The court concluded that New Friction's business and affairs should be wound up and liquidated in accordance with the relevant statutory provisions. The court also consolidated KeyBank's action with the action commenced by New Friction. A hearing was held on November 10, 1999 and two days later, the trial court ordered the appointment of a receiver pursuant to New Friction's request. The court appointed Stephen J. Michael as receiver and then granted Michael's application to employ Grant Shipley as attorney for the receiver. Shipley had earlier appeared for New Friction and FMCI at various stages of the proceedings, as will be discussed more fully below. KeyBank, which was not consulted and certainly did not approve of Shipley's appointment, petitioned the court to disqualify Shipley on grounds of conflict of interest. The court denied the motion. KeyBank then moved for a change of judge. That motion was denied on November 17, 1999. On November 22, 1999, KeyBank filed its praecipe.

The instant controversy centers upon Shipley's representation. The record reveals that FMCI paid a retainer to Shipley sometime in the weeks leading up to the November 3 hearing. Other facts pertinent to his representation were summarized in our previous opinion as follows:

1) Shipley represented FMCI at the hearing on November 3, 1999, 2) on November 3, 1999, Shipley was aware of adversary proceedings against FMCI by KeyBank, 3) Shipley then represented New Friction, 4) no other counsel appeared at the hearing for FMCI or New Friction. The record also reveals that on behalf of New Friction, Shipley requested the appointment of Stephen J. Michael as receiver. Michael testified that he did not have experience in acting as a receiver and that he would employ others, including an attorney, to assist him. Michael implied dependence and reliance upon the attorney. After the trial court appointed Michael as the receiver, Michael then requested that Shipley be appointed as counsel for the receiver.

*KeyBank Nat. Ass'n v. Michael,* 737 N.E.2d at 851. We noted that Shipley was the only attorney who appeared for FMCI and New Friction at the November 3 hearing. At that hearing, Shipley believed that New Friction and FMCI had merged, and he proceeded on that assumption. The court granted New Friction's petition for dissolution on that same day. After the court consolidated KeyBank's and New Friction's respective actions, a hearing was held one week later, on November 10. Shipley again appeared as the sole legal representative for both New Friction and FMCI, apparently still believing that they had merged. It was at this hearing that the court became aware that no legal merger had yet occurred. In fact, the certificate of merger was entered and became effective on that day, and was faxed

to Shipley by the Delaware Secretary of State's office during the hearing.

One of the issues addressed in the original appeal concerned Shipley's representation. KeyBank opposed Shipley's appointment on grounds that his interests as counsel for the receiver were adverse to those of his former clients, FMCI and New Friction. On May 16, 2000, we accepted the case for interlocutory appeal and the relevant materials were transmitted to the Clerk of the Courts. Shipley filed with this court a motion entitled "Motion for Leave to Seek Correction of Clerical Errors in the Chronological Case Summary." In it, Shipley asserted that certain portions of the Chronological Case Summary (CCS) listed him as the attorney for FMCI, and that such entries are erroneous and should be altered to reflect that he was acting as attorney for New Friction and the receiver.

We noted that the record reflected that Shipley represented both FMCI and New Friction at one time or another in the proceedings. We also noted that Shipley acknowledged as much. We denied Shipley's motion in footnote 2 of the opinion, stating:

> On May 16, 2000, Grant Shipley, as counsel for the receiver, filed with this court a motion entitled "Motion for Leave to Seek Correction of Clerical Errors in the Chronological Case Summary." In the motion, Shipley asserted that the portions of the Chronological Case Summary (CCS) that list him as the attorney for FMCI are erroneous and should be altered to reflect that he was acting as attorney for New Friction and the receiver. For reasons more fully developed in Issue No. 4, the motion is denied.

*KeyBank Nat. Ass'n v. Michael*, 737 N.E.2d at 840 n. 2. In our discussion of Issue 4, wherein we explained the denial of the motion to correct the CCS, we noted, "Shipley's previous representation of two of the parties with interests adverse to KeyBank's within the same and related proceedings necessarily leads to his disqualification to act as counsel for the receiver." *Id.* at 852. We also stated, "Shipley's attempt to manipulate the record of proceedings constitutes tacit recognition of the perilous position upon which his appointment is perched." *Id.*

■ We turn now to the present action. After the case was remanded to the trial court "for further proceedings consistent with this opinion," *Id.* at 854, Shipley filed in the trial court on or about August 2, 2001 a "Motion to Correct Chronological Case Summary and Other Parts of the Record, Trial Rule 60(A)." *Appellant's Appendix* at 62. In that motion, Shipley acknowledged that he was formerly counsel for New Friction and Michael, and further that he was "alleged to be an attorney for Friction Material Company, Inc." *Appellant's Appendix* at 62. He asked the court to correct its records to reflect that "he [had] not acted as counsel in any proceedings for Friction Material Company, Inc." *Id.* KeyBank opposed the motion, arguing that it should be denied based upon the law-of-the-case doctrine. On November 20, 2001, the trial court granted Shipley's motion, entering the following conclusions of law:

> 6. KeyBank National Association has urged that this Court cannot grant the relief requested, because the Court of Appeals allegedly found as a matter of fact that Grant F. Shipley was acting as counsel for FMCI. This Court disagrees. The Appellate Court does not find facts. It reviews the factual findings of the trial court, but does not undertake to find facts on it own. *Board of Trustees of Town (now City) of New Haven v. City of Fort Wayne*, 268 Ind. 415, 375

N.E.2d, [sic] 1112, 1118 (1978) "Neither [sic] the Court of Appeals nor this court can make such findings of fact, but can only review such findings and conclusions and judgment by the trial court."

7. The question of which parties Mr. Shipley represented was never brought to this Court's attention before now; and in its motion to disqualify Mr. Shipley as counsel for the receiver KeyBank National Association never alleged that Mr. Shipley had represented FMCI. Accordingly, this court never made any findings of fact, express or implied, concerning the identity of Mr. Shipley's clients; and the Court of Appeals did not have the benefit of any findings of fact made by this court on the point. *Appellant's Appendix* at 6. The trial court went on to conclude that in granting Shipley's motion to correct the CCS in the manner he urged, it was not reversing or modifying "any judgment," presumably alluding to our earlier denial of the same motion presented to this court by Shipley. Following the granting of Shipley's motion, KeyBank requested that the trial court certify its order for interlocutory appeal under Rule 14(B) of the Indiana Rules of Appellate Procedure. The trial court denied the request and KeyBank filed its Petition for Writ.

The Indiana Supreme Court has indicated that our appellate courts may issue a writ to, among other things, enforce their decisions. *See Tyson v. State*, 593 N.E.2d 175 (Ind.1992). That is precisely the ground upon which KeyBank contends the writ should be issued here. Shipley responds that the uncommon procedure of issuing a writ is not appropriate under these circumstances. According to Shipley, the instant case should follow the traditional route and wend its way through the normal course of litigation to a final determination on the merits. If KeyBank is dissatisfied at the time of final disposition, then *that* is the time to file an appeal and, if KeyBank is still so inclined, to challenge the ruling on the motion to correct the CCS.

We certainly agree that the traditional procedural path is the preferred route in the overwhelming majority of cases. We believe, however, that there are situations in which the extraordinary remedy of issuing a writ is appropriate. One such situation would involve cases where a trial court issues a ruling upon remand that is inconsistent with an appellate decision previously rendered in the same action. Even then, a writ would be appropriate only in those comparatively few instances where it would serve the interest of judicial economy or serve to prevent an irreparable harm. This leads us to the question of whether this is such a case.

In our original opinion, we denied Shipley's motion to correct the CCS. Now, the trial court has granted the same motion. At stake in the proceedings below are, among other things, attorney fees that were billed by Shipley and paid by the receiver. Also at issue are matters concerning Shipley's (and to a lesser extent, Michael's) continued involvement in the proceedings. It appears to us that these matters lie at the fulcrum upon which the case will pivot from this point forward. Therefore, if the trial court's ruling was incorrect and the case were allowed to proceed to final disposition, all would be for naught and the parties and court would be forced to start again from the beginning. This would represent a considerable waste of time and energy, both for the trial court and for the parties.

As we explain below, we have determined that the trial court's ruling was erroneous, and also conclude that the circumstances of this particular case justify the rarely-employed measure of issuing a

writ in aid of appellate jurisdiction in order to correct that error.

■ KeyBank contends that the trial court erred in granting Shipley's motion to correct the CCS. Shipley contends that the trial court's ruling was appropriate under Trial Rule 60(A) of the Indiana Rules of Appellate Procedure.

■ Trial Rule 60(A) provides:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court at any time before the trial court clerk issues its Notice of Completion of Clerk's Record. Such corrections may be made by the trial court on its own initiative or on the motion of any party and after such notice, if any, as the court orders. After the filing of the Notice of Completion of Clerk's Record, such mistakes may be so corrected with leave of the court on appeal.

As a general rule, T.R. 60(A) permits the trial court to correct clerical mistakes and errors in the record that arise from oversight or omission, but it must be done prior to the time the county clerk files the Notice of Completion of Clerk's Record. *See Anderson v. Horizon Homes, Inc.*, 644 N.E.2d 1281 (Ind.Ct.App.1995), *trans. denied*. The reason for this rule is that, in the case of clearly demonstrable mechanical errors, the interests of fairness outweigh the interests of finality that attend the prior adjudication. *Drost v. Prof'l Bldg. Serv. Corp.*, 176 Ind.App. 172, 375 N.E.2d 241 (1978). In those cases where the "mistake" is one of substance, however, the finality principle controls. A T.R. 60(A) motion is not to be used for the purpose of correcting errors of substance. *Rosentrater v. Rosentrater*, 708 N.E.2d 628 (Ind.Ct.App.1999). "Clerical error" in this context has been defined as a mistake by a clerk, counsel, judge, or printer that

is not a result of judicial function and cannot reasonably be attributed to the exercise of judicial consideration or discretion. *Id.* at 631.

In the instant case, the "error" that Shipley sought to "correct" concerned the nature of his relationship with FMCI during the legal proceedings that took place in October and November of 1999. He claimed in both motions to correct the CCS that he did not represent FMCI during those times. The record reveals, however, that there was conflicting evidence on the point. We need not rehash that evidence again. We reviewed that evidence in our original opinion and deemed the evidence in favor of representation to be strong enough to compel the conclusion that the motion to correct the CCS should be denied. As such, the "error" that Shipley seeks to correct was one of substance and not a proper subject of a T.R. 60(A) motion.

■ Finally, we address an issue raised by the parties concerning whether our earlier ruling on Shipley's motion to correct the CCS was res judicata with respect to the motion now under consideration. We first note that the parties confirmed at a hearing before this court that the judge who granted Shipley's motion did not preside at the 1999 hearings in question. Therefore, he is not in a superior position relative to the members of this panel to characterize the nature of Shipley's representation at that time; we must all rely on the same record.

■ Res judicata is a doctrine that bars litigation of a claim after a final judgment has been rendered on a matter in a prior action involving the same claim between the same parties or their privies. *Dickson v. D'Angelo*, 749 N.E.2d 96 (Ind. Ct.App.2001). Four requirements must be satisfied for this doctrine to apply: 1) the

former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy decided in the former action must have been between the parties in the present suit or their privies. *Id.*

When we ruled on Shipley's motion to correct the CCS in the original appeal, we did so after evaluating the evidence of record for indicia of legal representation. After considering that evidence, we concluded that Shipley had represented FMCI in certain respects, and therefore that the motion to correct the CCS should be denied. That ruling involved the same parties, the same action, and represented a determination on the merits with respect to a substantive matter. Therefore, pursuant to the doctrine of res judicata, the trial court cannot revisit the question upon remand. The trial court erred in doing so. The court did not merely conduct proceedings inconsistent with our previous opinion, but acted contrary to our ruling on the merits of a contested issue.

Accordingly, we hereby grant Key-Bank's motion and issue to the trial court in this matter a Writ in Aid of Appellate Jurisdiction, with instructions to deny Shipley's motion to correct the CCS, and to conduct future proceedings in a manner consistent with this and our previous appellate decision.

Motion granted and writ issued, with instructions.

NAJAM and MATHIAS, JJ., concur.