**Grant F. SHIPLEY, Appellant–Defendant,**

v.

**KEYBANK NATIONAL ASSOCIATION, Appellee–Plaintiff.**

**No. 02A03–0311–CV–461.**

Court of Appeals of Indiana.

Feb. 1, 2005.

---

Leonard E. Eilbacher, Eilbacher Fletcher, LLP, Fort Wayne, IN, Attorney for Appellant.

Steven L. Blakely, Acton & Snyder, LLP, Danville, IL, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

In this interlocutory appeal, Grant F. Shipley appeals a portion of the trial court's order, which granted him summary judgment on one of the issues he raised and ordered him to return approximately $70,000 in attorney fees that he previously had received as the attorney for a former receivership to the receivership estate that is pending in another county court for distribution by that court.[1] Shipley also appeals the trial court's denial of his Ind. Trial Rule 60 motion to correct a clerical mistake in the dating of the summary judgment order, which had been issued nunc pro tunc. Shipley raises four issues, which we consolidate and restate as:

I. Whether the trial court erred by granting Shipley's motion for summary judgment on the issue of repayment of fees earned as attorney for a former receivership and by ordering Shipley to return the fees to the receivership pending in the Huntington Circuit Court; and

II. Whether the special judge abused his discretion by concluding that the trial court's written summary judgment order was properly entered as a nunc pro tunc order.

---

**1.** Shipley's interlocutory appeal is an appeal of right from an order for "the payment of money" under Ind. Appellate Rule 14(A)(1).

We affirm.[2]

The relevant facts follow.[3] This appeal stems from the trial court's summary judgment order, which ordered Shipley to return approximately $70,000 in attorney fees that he previously had received as the attorney for the receiver of New Friction Material Company, Inc.'s ("New Friction") receivership. This is the third appeal stemming from the New Friction receivership. *See KeyBank Nat. Ass'n v. Michael,* 737 N.E.2d 834 (Ind.Ct.App.2000) ("*KeyBank I*"); *KeyBank Nat. Ass'n v. Michael,* 770 N.E.2d 369 (Ind.Ct.App.2002), *trans. denied* ("*KeyBank II*"). We will first review the facts and prior litigation involving the New Friction receivership that lead to the circumstances surrounding the trial court's current rulings.

A partial summary of the facts regarding the New Friction receivership was set out in *KeyBank II*:

> Friction Material Company, Inc. (FMCI) defaulted on a loan made by KeyBank [National Association ("KeyBank")]. As a result, KeyBank demanded immediate repayment of the outstanding balance of the loan, plus interest and collection expenses. KeyBank then instituted proceedings [in Huntington Circuit Court] requesting foreclosure and the appointment of a receiver. The court scheduled a hearing on the request for a receiver for November 4, 1999.
>
> On November 3, 1999, New Friction Material Company, Inc. (New Friction), as the purported successor by merger to FMCI, filed its petition for voluntary dissolution and for appointment of a receiver. Also on November 3, a hearing on the dissolution of New Friction was held without notice to KeyBank. New Friction asserted that it had been incorporated "for the sole purpose of acquiring all assets and obligations of Friction Material Company, Inc., thereby domesticating its assets and operations and thus authorizing the initiation of a voluntary dissolution by court proceeding under IC 23–1–47–1(4)." Record at 135. New Friction's articles of dissolution asserted that it was incorporated on November 2, 1999, an assertion that was not accurate. New Friction requested the appointment of a receiver to liquidate the business.
>
> On November 3, 1999, the trial court granted New Friction's petition for dissolution and the corporation was dissolved effective as of that date. The court concluded that New Friction's business and affairs should be wound up and liquidated in accordance with the relevant statutory provisions. The court also consolidated KeyBank's action with the action commenced by New Friction. A hearing was held on November 10, 1999 and two days later, the trial court ordered the appointment of a receiver pursuant to New Friction's request. The court appointed Stephen J. Michael as receiver and then granted Michael's application to employ Grant Shipley as attorney for the receiver. Shipley had earlier appeared for New Friction and FMCI at various stages of the proceedings. . . .

*KeyBank II*, 770 N.E.2d at 371–372. Also on November 10, 1999, New Friction obtained a certificate of merger for the

---

**2.** Shipley filed a motion for oral argument, which we hereby deny.

**3.** We direct Shipley's attention to Ind. Appellate Rule 46(A)(6)(a), which provides that the statement of facts section of an appellant's brief "shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)."

merger of FMCI with New Friction. *Key-Bank I*, 737 N.E.2d at 845.

In December 1999, the receiver filed a motion for leave to obtain secured credit, to grant a security interest in collateral, and to subordinate KeyBank's previous secured claims in favor of a new lender. *Id.* at 840. KeyBank: (1) challenged the validity of the merger between FMCI and New Friction; (2) argued that the trial court erred by denying KeyBank's petition for a receiver and by granting New Friction's petition for a receiver; (3) objected to the subordination of its claims; (4) petitioned the trial court to disqualify Shipley as counsel for the receiver on grounds of conflict of interest; and (5) challenged the payment of attorney fees and expenses to Shipley from the receivership estate. *Id.* at 840–844. Thereafter, the Huntington Circuit Court entered an order, which provided that: (1) there was a valid merger; (2) KeyBank was judicially estopped from challenging the appointment of a receiver; (3) the receiver was allowed to obtain secured credit in an amount not to exceed $350,000 and to subordinate KeyBank's prior security interest in order to resume business operations; (4) there was no conflict of interest in Shipley's role as counsel for the receiver of New Friction; and (5) the receiver's application of payment of

fees and expenses to Shipley was granted. *Id.* at 840–844.

KeyBank filed an interlocutory appeal of the Huntington Circuit Court's order, and we held that the merger between FMCI and New Friction was not valid because New Friction had dissolved by the time the merger occurred and that the Huntington Circuit Court abused its discretion by granting New Friction's petition for a receiver and by failing to grant KeyBank's petition for a receivership. *Id.* at 845–848. We also held that the Huntington Circuit Court erred by allowing the receiver to subordinate KeyBank's security interest in favor of a new lender without KeyBank's consent. *Id.* at 849–851. We also concluded that Shipley, who had served as counsel for FMCI and New Friction, had an inherent conflict in properly serving the interests of KeyBank on behalf of the receiver and was disqualified to serve as such. *Id.* at 851–853. Finally, we held that because Shipley was not qualified to serve as counsel for the receiver, he was without authority to act. *Id.* at 853. Thus, we held that the fees and expenses paid to Shipley were not chargeable to the receivership estate, and we reversed the Huntington Circuit Court's orders granting of payment of fees and expenses to Shipley and remanded the case for further proceedings consistent with our opinion.[4] *Id.* at 853–854.

**4.** In *KeyBank I*, Shipley filed with this court, on behalf of the receiver, a "Motion for Leave to Seek Correction of Clerical Errors in the Chronological Case Summary," in which Shipley asserted that portions of the chronological case summary (CCS) that listed him as the attorney for FMCI were erroneous. *Key-Bank I*, 737 N.E.2d at 840 n. 2. We noted that Shipley had represented both FMCI and New Friction, and we denied the motion. *Id.* at 840 n. 2, 851–853. After the case was remanded to the Huntington Circuit Court, Shipley filed a "Motion to Correct Chronological Case Summary and Other Parts of the Record, Trial Rule 60(A)," in which Shipley asked the Huntington Circuit Court to correct its records to reflect that he had not acted as

counsel in any proceedings for FMCI. *Key-Bank II*, 770 N.E.2d at 373. The Huntington Circuit Court granted Shipley's motion, and KeyBank requested that the court certify its order for interlocutory appeal under Ind. Appellate Rule 14(B). *Id.* at 374. The Huntington Circuit Court denied the request, and KeyBank filed a Petition for Writ in Aid of Appellate Jurisdiction. *Id.* at 371, 374. We granted KeyBank's petition for writ and held that our decision in *KeyBank I*, in which we denied Shipley's motion to correct the CCS, was a ruling on the merits of a contested issue and that pursuant to res judicata, the Huntington Circuit Court was barred from revisiting that decision on remand. *Id.* at 376.

Pursuant to our opinion in *KeyBank I*, the Huntington Circuit Court terminated the New Friction receivership in November 2000. Thereafter, the Huntington Circuit Court appointed a receiver for FMCI pursuant to KeyBank and FMCI's stipulated agreement.

We now turn to the facts surrounding the issues in this appeal. KeyBank filed a complaint against Shipley in the Allen Superior Court and alleged claims of negligence and conversion.[5] Specifically, in regard to the negligence claim, KeyBank alleged that "Shipley owed a duty to Key-Bank, as a known secured creditor of the receivership estate, to act in an impartial and unbiased manner and to protect and preserve the assets of the receivership estate, including KeyBank's collateral and the proceeds thereof." Appellant's Appendix at Tab 4, page 3. In regard to the conversion claim, KeyBank alleged that Shipley had been paid $70,407.32 in attorney fees and expenses from the receivership estate while he served as the attorney for the receiver, that our opinion in *Key-Bank I* held that Shipley's fees were not properly chargeable to the receivership estate, and that Shipley had refused to return the fees.

On January 15, 2003, Shipley filed a motion to dismiss and a motion for summary judgment. In his motion to dismiss, Shipley alleged that KeyBank's complaint should be dismissed pursuant to Ind. Trial Rule 12(B)(6) for failure to state a claim and pursuant to Ind. Trial Rule 12(B)(1)

for lack of subject matter because Key-Bank failed to seek permission from the Huntington Circuit Court to sue Shipley as the attorney for the receiver. In Shipley's motion for summary judgment, he argued that the trial court should grant him summary judgment for the following reasons: (1) Shipley had no duty to KeyBank; (2) Shipley never represented KeyBank; (3) a violation of the Rules of Professional Responsibility cannot serve as the basis of an independent cause of action; (4) Shipley and the receiver for New Friction had authority from FMCI to deal with the assets; (5) KeyBank did not have a lien on FMCI's assets; (6) KeyBank had no standing; and (7) KeyBank was not entitled to the return of attorney fees that we determined in *KeyBank I* that Shipley was not entitled to retain, and instead, those fees were the property of the Huntington Circuit Court for its determination regarding distribution of such monies.[6]

On July 8, 2003, the trial court held a hearing on Shipley's motion to dismiss and summary judgment motion. The trial court orally denied Shipley's motion to dismiss, orally granted Shipley summary judgment on his issue of the return of attorney fees to KeyBank, and orally ordered Shipley to deposit with the clerk of the Huntington Circuit Court all fees paid to him as attorney for the former New Friction receivership so that the Huntington Circuit Court could determine to whom they should be paid and distribute them accordingly. In regard to the other issues raised in Shipley's summary judgment mo-

---

Accordingly, we issued a writ to the Huntington Circuit Court "with instructions to deny Shipley's motion to correct the CCS, and to conduct future proceedings in a manner consistent with this and our previous appellate decision." *Id.*

**5.** KeyBank originally filed the complaint in November 2001 and amended it in October 2002.

**6.** Also on January 15, 2003, KeyBank filed a motion for partial summary judgment and alleged that Shipley had engaged in a prohibited conflict of interest, and KeyBank later filed a motion to strike portions of Shipley's affidavit used to support his summary judgment motion.

tion, the trial court orally granted summary judgment to Shipley on the issue that a violation of the Rules of Professional Responsibility cannot serve as the basis of an independent cause of action; denied summary judgment on the issue of whether Shipley and the receiver for New Friction had authority from FMCI to deal with the assets; and took the remaining summary judgment issues under advisement.[7]

On September 30, 2003, Shipley filed a praecipe to withdraw submission of the cause from the trial court pursuant to Ind. Trial Rule 53.1.[8] On October 2, 2003, the trial court issued a written order, which was dated July 8, 2003 and provided:

> [The first portion of the trial court's order pertains to granting in part and denying in part KeyBank's motion to strike portions of Shipley's affidavit].
>
> Hearing is conducted on [Shipley's] Motion to Dismiss. [Shipley's] Motion to Dismiss is DENIED.
>
> Hearing is conducted on [KeyBank's] Motion for Summary Judgment as to the issue of whether [Shipley] engaged in prohibited conflict of interest. The Court finds no genuine issue of material fact. [KeyBank's] Motion for Summary Judgment is GRANTED to [KeyBank] as to that specific issue.
>
> Hearing is conducted on [Shipley's] Motion for Summary Judgment. The Court enters the following:
>
> As to Issues 1 and 2 in [Shipley's] Motion for Summary Judgment, (Page 4 in the Summary of Argument) both are taken under advisement.
>
> As to Issue 3, the Court finds that as a matter of law, a violation of the Rules of Professional Responsibility does not create an independent cause of action. Judgment is entered on that issue for [Shipley].
>
> As to Issue 4 of [Shipley's] Motion for Summary Judgment, regarding whether the assets were those of FMCI and whether the dealings as to those assets were approved by the owner of the assets. The Court finds genuine issues of material fact. Motion for Summary Judgment is DENIED.
>
> Regarding Issue 5, whether Key Bank had a lien on the proceeds. The matter is taken under advisement.
>
> Regarding Issue 6, whether Key Bank has standing to bring this action. The matter is taken under advisement.
>
> Regarding Issue 7, as to whom the return of fees must be made, the Court finds no genuine issue of material fact and enters judgment that the attorney fees previously paid should be returned to the receivership.
>
> [Shipley] is ordered to deposit with the Clerk of the Huntington Circuit [Court] all fees paid to him as receiver to be distributed per the Huntington Circuit Court Order in the pending Friction Material Receivership case, Cause Number 35C01–9911–MI–454, within 60 days of the date of this Order. (**Court to Notify**)
>
> DATED: July 8, 2003

Appellant's Appendix at Tab 6, page 1–2. On October 13, 2003, the clerk of the trial

---

7. During the hearing, the trial court also issued oral rulings granting KeyBank's partial motion for summary judgment and granting in part and denying in part KeyBank's motion to strike portions of Shipley's affidavit.

8. Shipley failed to include a copy of his Ind. Trial Rule 53.1 motion in his Appellant's Appendix. We direct Shipley's attention to Ind. Appellate Rule 50(A)(2)(f), which provides that "[t]he appellant's Appendix shall contain ... copies of ... pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal[.]"

court issued a notice that the trial court's "rulings or decision have been delayed beyond the time limitation set forth under Trial Rule 53.1 and that submission of this cause is withdrawn effective September 30, 2003." *Id.* at Tab 7.

On October 28, 2003, Shipley filed a combination motion to correct error under Ind. Trial Rule 59,[9] a motion for relief from an order or judgment under Ind. Trial Rule 60,[10] and a motion for extension of time to contest an order or judgment under Ind. Trial Rule 72(E).[11] Shipley then filed his notice of appeal on October 31, 2003. On November 25, 2003, our supreme court appointed a special judge.

We acquired jurisdiction of Shipley's interlocutory appeal in January 2004. In March 2004, pursuant to Shipley's request, we remanded jurisdiction to the trial court for consideration of Shipley's Ind. Trial Rule 60 motion. The special judge held a hearing on Shipley's motion, denied the motion, and entered an order, which provided:

> The Court, having received an order of the Indiana Court of Appeals remanding the above-entitled matter to this Court for purposes of ruling upon the Defendant, Grant F. Shipley's Trial Rule 60 Motion for Relief, and having considered the legal memoranda and the arguments of counsel, finds that:
>
> \* \* \* \* \*
>
> 4. The transcript of the July 8, 2003 hearing discloses that during the hearing, Judge Nancy Eshcoff Boyer stated that she was going to order Shipley to deposit with the Clerk of Huntington Circuit Court the attorney fees Shipley received for services rendered on behalf of the void receivership of New Friction to the FMCI receivership pending in the Huntington Circuit Court. (Transcript, pp. 46, 49–53).
>
> 5. As of July 8, 2003, during the hearing on Shipley's Motion for Summary Judgment and KeyBank's Motion for Partial Summary Judgment, Shipley knew, or should have known, that Judge Boyer was ordering Shipley to deposit the attorney fees received for services rendered on behalf of the void receivership of New Friction to the Clerk of the Huntington Circuit Court.
>
> 6. The docket sheet, titled Chronological Case Summary of Filings and Proceedings, contains an entry dated July 8, 2003, which said entry states as follows:
>
>> "Plaintiff, by attorney Steven Blakely. Defendant, by attorney Leonard Eilbacher. Hearing is conducted on Plaintiff's Motion to Strike Portion of Declaration of Grant Shipley. (E.F.) Hearing is conducted on Defendant's Motion to Dismiss. Defendant's Motion to Dismiss is denied. Hearing is conducted on Plaintiff's Motion for

---

9. Under Shipley's motion to correct error, he argued that the trial court was without jurisdiction to deal with the matter of attorney fees he received while attorney for the receiver, that the trial court improperly issued the written summary judgment order after he had filed his Trial Rule 53.1 praecipe to withdraw submission of the cause, and that the trial court erred by granting him a form of summary judgment relief not sought by him.

10. Under Shipley's motion for relief from an order, he moved the trial court to correct "an apparent clerical mistake" in dating the order as July 8, 2003 instead of October 2, 2003. Appellant's Appendix at Tab 10, page 2.

11. Under Shipley's motion for extension of time to contest the order, he sought an extension of time of 30 days so that he could file a notice of appeal.

Summary Judgment as to the issue of whether Defendant engaged in a prohibited conflict of interest. The Court finds no genuine issue of material fact. Plaintiff's Motion for Summary Judgment is granted as to that specific issue. Hearing is conducted on Defendant's Motion for Summary Judgment. (E.F.)"

7. On September 30, 2003, pursuant to T.R. 53.1, Shipley filed a Praecipe for Withdrawal of Submission of Cause.

8. On September 30, 2003, at the time that Shipley filed the Praecipe for Withdrawal of Submission of Cause, neither Shipley nor counsel for Key-Bank had received a copy of the Order or Judgment of the Court dated July 8, 2003 ("Order").

9. The Proof of Notice on the Order dated July 8, 2003, states that the Order was sent by the court reporter to counsel of record on October 2, 2003.

10. The docket sheet reflects that the Order, dated July 8, 2003, was entered by the Clerk of the Court into the Record of Judgment and Orders (RJO).

11. According to the Declaration of Rosemary L. O'Connor, supervisor of the RJO Division, the Order dated July 8, 2003 was received in the Clerk's Office on October 3, 2003, four days after Shipley had filed the Praecipe for Withdrawal of Submission of Cause.[ ]

* * * * *

13. On October 13, 2003, the Clerk of Allen County determined that a ruling or decision on the Motion for Summary Judgment had been delayed beyond the time limit set forth in T.R. 53.1 or 53.2 and therefore determined that the case was withdrawn from Judge Nancy Eshcoff Boyer effective September 30, 2003.

14. On October 31, 2003, Shipley filed Notice of Appeal with the Indiana Court of Appeals.

* * * * *

17. On March 26, 2004, the Indiana Court of Appeals remanded jurisdiction of the case back to the Allen Superior Court for consideration of Shipley's Trial Rule 60 Motion for Relief From Judgment.[ ]

### DISCUSSION

* * * * *

This Court first addresses that portion of Shipley's Motion titled "T.R. 60 Motion for Relief from Order or Judgment". Shipley requests this Court, pursuant to T.R. 60(A), to correct an apparent clerical mistake in the Order and change the date of the Order to October 3, 2003, instead of July 8, 2003, the date appearing on the Order. Shipley contends that Judge Boyer "prepared" the Order on October 2, 2003, therefore this Court should consider the Order dated as of October 2, 2003 "so that it can be challenged jurisdictionally". (Deft's Brief in Support of Multiple Motions, p. 7).

In support of this argument, Shipley has offered the Declaration of Rosemary L. O'Connor, an employee of the Clerk of Allen County, in the position of supervisor of the RJO Division. The declaration states that the Order dated July 8, 2003 was received in the clerk's office on October 3, 2003. However, this declaration does not support Shipley's argument that the date of July 8, 2003 on the Order was an error arising from oversight or omission. Thus this Court

would deny Shipley's T.R. 60 motion on the basis that the date of July 8, 2003 on the Order is the result of clerical error. This Court next addresses whether the Trial Court had jurisdiction to issue[ ] the Order dated July 8, 2003 after Shipley had filed a Praecipe for Withdrawal of Submission of Cause.

Shipley contends that because:

(1) the Order was sent to counsel of record after Shipley had filed the Praecipe of Withdrawal of Submission; and/or,

(2) the Order was received by the clerk of the court for entry on the Record of Judgment and Orders after Shipley had filed the Praecipe of Withdrawal of Submission;

therefore Judge Boyer was without jurisdiction to issue the Order and the Order is void and of no legal effect. KeyBank responds that even though the Order dated July 8, 2003, was not sent to counsel of record until October 2, 2003 and not entered in the Record of Judgment and Orders until October 3, 2003, the Order is a *nunc pro tunc* order; and therefore, Shipley's T.R. 60 motion should be denied because the Order should be deemed issued as of July 8, 2003, prior to Shipley's filing the Praecipe of Submission of Withdrawal of the Case. This Court agrees.

* * * * *

This Court determines that the transcript clearly memorializes Judge Boyer's decision to order Shipley to deposit the attorney fees and when considered together with Judge Boyer's docket sheet entry dated July 8, 2003, there is sufficient notice of Judge Boyer's decision as to the attorney fees so as to permit this Court to consider the Order dated July 8, 2003 but issued to counsel of record on October 2, 2003, as a *nunc*

*pro tunc* entry with an effective date of July 8, 2003, which is prior to Shipley's filing the Praecipe for Withdrawal of Submission of Cause.

* * * * *

Accordingly, this Court determines that Judge Boyer's announcement of her decision during the hearing on July 8, 2003, together with Judge Boyer's docket sheet entry dated July 8, 2003, constitutes a sufficient memorial to support the issuance of the Order, as a *nunc pro tunc* order, even if the Order was entered into the Record of Judgment and Orders after Shipley had filed his praecipe for withdrawal of submission.

Consequently, even though the Order dated July 8, 2003 was not sent to counsel and the Order was not entered into the Record of Judgments and Orders until after Shipley had filed the Praecipe for Withdrawal of Submission of Cause, this Court determines that Shipley's T.R. 60 Motion should be denied.

This Court does not address Shipley's other contentions stated in the portion of Shipley's Motion titled "T.R. 59 Motion to Correct Error" to-wit: (1) whether the Allen Superior Court had jurisdiction to consider the matter of the attorney fees paid to Shipley, and (2) whether Judge Boyer's order concerning the attorney fees was inappropriate because it granted a form of relief not being sought by Shipley in his Motion for Summary Judgment. This Court is not certain that it has the authority to address these issues. The Order from the Indiana Court of Appeals remanded this case back to this Court for consideration of Shipley's Trial Rule 60 Motion for Relief of Judgment. While this Court is willing to consider Shipley's other contentions in Shipley's Motion to

Correct Error, it will only do so if so directed by the Court of Appeals.

## DECISION

The Court **denies** Defendant, Grant F. Shipley's T.R. 60 Motion for Relief from Order or Judgment.

Appellant's Appendix at Tab 2 (footnotes omitted).

### I.

The first issue is whether the trial court erred by granting Shipley's motion for summary judgment on the issue of repayment of fees earned as attorney for a former receivership and by ordering Shipley to return the fees to the receivership pending in the Huntington Circuit Court. Our standard of review for the grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Id.* Review of a summary judgment motion is limited to those materials designated to the trial court. *Id.*

Here, the fees at issue were earned by Shipley when he served as attorney for the former New Friction receivership. In *KeyBank I*, we held that the Huntington Circuit Court erred by appointing a receiver for New Friction because there was no valid merger of FMCI into New Friction and because New Friction was merely a "shell corporation" and unable to receive FMCI's assets, which constituted KeyBank's collateral. *KeyBank I*, 737 N.E.2d at 846. We then held that Shipley was disqualified from acting as counsel to the New Friction receiver and that the Huntington Circuit Court erred by awarding fees and expenses to Shipley from the New Friction receivership estate. *Id.* at 852–853. Thus, we reversed the trial court's orders granting payment of fees and expenses to Shipley and remanded the cause for further proceedings consistent with our opinion. *Id.* at 853–854.

Thereafter, the Huntington Circuit Court terminated the New Friction receivership and appointed a receiver for FMCI pursuant to KeyBank and FMCI's stipulated agreement. However, despite our reversal of the trial court's order that awarded fees to Shipley as attorney for the New Friction receivership, Shipley apparently did not return the fees.

KeyBank then filed a complaint against Shipley in Allen County, Shipley's principal place of business, and alleged a claim of conversion against Shipley for his failure to return the approximately $70,000 in fees. Shipley filed a motion for summary judgment and argued, in part, that "[t]he return of the attorney fees received by Shipley, to which the Court of Appeals has held he is not entitled to retain, do not belong to KeyBank" and that "to whom the return of fees must be made should be determined by the Huntington Circuit Court." Appellant's Appendix at Tab 9, page 5, 10. Shipley further contended that the "assets are the property of the [Huntington Circuit] court and are held for the benefit of all the creditors" and that the trial court "should not usurp the jurisdiction of the Huntington Circuit Court in determining the proper disposition of such fees." *Id.* at Tab 9, page 10.

At the hearing on Shipley's motion for summary judgment, the trial court orally granted Shipley's motion for summary judgment on the issue of the return of attorney fees and stated:

All I'm say[ing] is that fees are ordered to be returned to the Receivership pending the Huntington Circuit Court. To whom the return of fees must be made will be determined by the Huntington Circuit Court in the Receivership, just as you asked.

\* \* \* \* \*

OK. OK, so I'm GRANTING judgment on the issue, that issue in favor of [Shipley]. Requesting that the return of attorney fees should be determined by in [sic] the Receivership pending in Huntington Circuit Court. So [Shipley] is ORDERED to deposit with the Clerk of Huntington Circuit Court all fees paid to him as Receiver within sixty days of the date of this Order, to be distributed per Huntington Circuit Court Order in … the New Friction FMCI pending receivership.

*Id.* at Tab 3, page 50, 53.

Shipley argues that the trial court erred by ordering him to pay the fees he earned as attorney for the receiver in the former New Friction receivership to the Clerk of the Huntington Circuit Court because the trial court should have deferred to the Huntington Circuit Court and let it deal with the fee issue and because such relief

was not sought by either party. We disagree.

■■■ Although not raised by KeyBank, we conclude that Shipley has waived appellate review of this alleged error. A party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct. *Smith v. McLeod Distributing, Inc.,* 744 N.E.2d 459, 466 (Ind.Ct.App.2000). Invited error is not subject to review by this court. *Id.* In his summary judgment motion, Shipley raised the issue of the return of attorney fees and argued that the fees should not be returned to Key-Bank but should be returned to the Huntington Circuit Court for it to determine to whom the fees should be distributed. The trial court did exactly as Shipley requested and ordered that Shipley return the fees to the Huntington Circuit Court for it to distribute. Thus, any error Shipley alleges to exist in the trial court's order requiring him to return the fees is invited error and not reviewable on appeal.[12] *See, e.g., In re Adoption of B.C.S.,* 793 N.E.2d 1054, 1061–1062 (Ind.Ct.App.2003) (holding appellants waived arguments regarding trial court's consideration of hearsay documents when they offered two of them for admission themselves).

---

12. In addition, Shipley has neither demonstrated nor claimed that he was harmed by the trial court's order requiring him to return the fees he earned when he served as attorney for the former New Friction receivership. Shipley acknowledged that, per our *KeyBank I* opinion, he was not entitled to keep the fees and argued that the Huntington Circuit Court should determine the distribution of the fees, and the trial court ordered that the fees would be returned to the Huntington Circuit Court so that it could make such a determination. Furthermore, although not explicitly stated in our *KeyBank I* opinion, we have already held that Shipley was required to return these fees to the Huntington Circuit Court when we: (1) held that the Huntington Circuit Court erred by awarding such fees to Shipley from the New Friction receivership estate; (2) reversed the Huntington Circuit Court's orders granting payment of these fees to Shipley; and (3) remanded the cause for further proceedings consistent with our opinion. *KeyBank I,* 737 N.E.2d at 852–854. Therefore, any error that occurred is harmless. *See* Ind. Appellate Rule 66(A) (providing that "[n]o error or defect in any ruling or order or in anything done or omitted by the trial court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties").

## II.

The next issue is whether the special judge abused his discretion by concluding that the trial court's written summary judgment order was properly entered as a nunc pro tunc order. Pursuant to our remand of jurisdiction, the special judge held a hearing on Shipley's Ind. Trial Rule 60 motion and denied his motion. We review the grant or denial of an Ind. Trial Rule 60 motion for relief from judgment for an abuse of discretion.[13] *State v. Willits,* 773 N.E.2d 808, 811 (Ind. 2002). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

At the July 8, 2003 hearing on Shipley's motion for summary judgment, the trial court orally granted Shipley's motion for summary judgment on the issue of the return of attorney fees and ordered him to return the fees to the Huntington Circuit Court for it to distribute those fees. On September 30, 2003, Shipley filed a praecipe to withdraw submission of the cause from the trial court pursuant to Ind. Trial Rule 53.1. On October 2, 2003, the trial court issued a written order that was dated July 8, 2003 and that memorialized what had occurred in the July 8, 2003 hearing ("nunc pro tunc order"). The nunc pro tunc order granted summary judgment to Shipley on the return of attorney fees issue and provided, in relevant part:

> Regarding Issue 7, as to whom the return of fees must be made, the Court finds no genuine issue of material fact and enters judgment that the attorney fees previously paid should be returned to the receivership.
>
> [Shipley] is ordered to deposit with the Clerk of the Huntington Circuit [Court] all fees paid to him as receiver to be distributed per the Huntington Circuit Court Order in the pending Friction Material Receivership case, Cause Number 35C01–9911–MI–454, within 60 days of the date of this Order. (**Court to Notify**)

Appellant's Appendix at Tab 6, page 2. When denying Shipley's Ind. Trial Rule 60 motion, the special judge concluded:

> [The trial court's] announcement of [its] decision during the hearing on July 8, 2003, together with [the trial court's] docket sheet entry dated July 8, 2003, constitutes a sufficient memorial to support the issuance of the Order, as a *nunc pro tunc* order, even if the Order was entered into the Record of Judgment and Orders after Shipley had filed his praecipe for withdrawal of submission.

*Id.* at Tab 2, page 5.

Shipley argues that the special judge erroneously concluded that the trial court's written summary judgment order was properly entered as a nunc pro tunc order. Specifically, Shipley argues that the trial court's oral ruling from the bench was an insufficient basis for the entry of a nunc pro tunc order and that the trial court did not have jurisdiction to enter the nunc pro tunc order after he had filed his praecipe to withdraw submission of the cause.

---

13. We note that in addition to Shipley's Ind. Trial Rule 60 motion, the special judge also reviewed and denied an issue argued in Shipley's Ind. Trial Rule 59 motion to correct error, which was whether the trial court lost jurisdiction to enter a nunc pro tunc order after Shipley had filed his Ind. Trial Rule 53.1 praecipe to withdraw submission of the cause. Shipley now appeals this portion of the special judge's ruling. We also review a trial court's ruling on a motion to correct error for an abuse of discretion. *Paragon Family Restaurant v. Bartolini,* 799 N.E.2d 1048, 1055 (Ind.2003).

■ In *Cotton v. State,* our supreme court explained the standard for issuing a nunc pro tunc order:

A nunc pro tunc entry is defined in law as an entry made now of something which was actually previously done, to have effect as of the former date. Such an entry may be used to either record an act or event not recorded in the court's order book or to change or supplement an entry already recorded in the order book. Its purpose is to supply an omission in the record of action really had, but omitted through inadvertence or mistake.

The trial court's record, however, must show that the unrecorded act or event actually occurred. Thus, this Court has required that a written memorial must form the basis for establishing the error or omission to be corrected by the nunc pro tunc order. In order to provide a sufficient basis for the nunc pro tunc entry, the supporting written memorial

(1) must be found in the records of the case; (2) must be required by law to be kept; (3) must show action taken or orders or rulings made by the court; and (4) must exist in the records of the court contemporaneous with or preceding the date of the action described.

*Cotton v. State,* 658 N.E.2d 898, 900 (Ind. 1995) (quotations, citations, and italics omitted). "The crux of a nunc pro tunc entry, then, is that the trial court corrects the record on the basis of information which is already in the record. It is not license to make judicial changes in the actual law or ruling of the case." *Arsenal Sav. Ass'n v. Westfield Lighting Co., Inc.,* 471 N.E.2d 322, 326 (Ind.Ct.App.1984) (italics omitted).

■ We first address whether there was a sufficient basis to support the trial court's nunc pro tunc order dated July 8, 2003. The chronological case summary (CCS) is found with the records of the case and is required by law to be kept and shows the trial court's actions, orders, and rulings. *Cotton,* 658 N.E.2d at 900. The CCS entry for July 8, 2003 provides:

[KeyBank], by attorney Steven Blakely. [Shipley], by attorney Leonard Eilbacher. Hearing is conducted on [Key-Bank's] Motion to Strike Portion of Declaration of Grant Shipley. (E.F.) Hearing is conducted on [Shipley's] Motion to Dismiss. [Shipley's] Motion to Dismiss is denied. Hearing is conducted on [KeyBank's] Motion for Summary Judgment as to the issue of whether [Shipley] engaged in a prohibited conflict of interest. The Court finds no genuine issue of material fact. [Key-Bank's] Motion for Summary Judgment is granted as to that specific issue. Hearing is conducted on [Shipley's] Motion for Summary Judgment. (E.F.)

Appellant's Appendix at Tab 1, page 5. The July 8, 2003 hearing, in which the trial court considered Shipley's motion for summary judgment, was transcribed and memorializes the trial court's oral ruling from the bench that granted Shipley's motion for summary judgment on the return of attorney fees issue and ordered him to return the fees to the Huntington Circuit Court. Given the record before us, it is clear that the trial court used the nunc pro tunc order to reflect the full extent of what actually happened, specifically, that it had granted summary judgment to Shipley on the attorney fee issue and had ordered him to return the fees to the Huntington Circuit Court. Therefore, we agree with the special judge and conclude that the CCS entry and the transcript of the summary judgment hearing sufficiently support the trial court's nunc pro tunc order. Accordingly, we cannot say that the special judge

abused his discretion by concluding that there was a sufficient basis to support the trial court's entry of the nunc pro tunc order. *See, e.g., Cotton,* 658 N.E.2d at 901 (holding that the trial court's nunc pro tunc entries were supported by sufficient written memorials and that they served "to make the record speak the truth").

■ We now turn to Shipley's argument that the trial court did not have jurisdiction to enter the nunc pro tunc order after he had filed his praecipe to withdraw submission of the cause. Ind. Trial Rule 60(A) permits entries made nunc pro tunc to correct clerical mistakes and errors in the record arising from oversight or omission at any time prior to the filing of the record on appeal. *Anderson v. Horizon Homes, Inc.,* 644 N.E.2d 1281, 1286 (Ind.Ct.App.1995), *trans. denied; Arsenal,* 471 N.E.2d at 325. A nunc pro tunc entry is defined as "an entry made now of something which was actually previously done, to have effect as of the former date." *Cotton,* 658 N.E.2d at 900.

Shipley concedes that our supreme court's holding in *Raisor v. Kelly,* 258 Ind. 1, 275 N.E.2d 542 (1971), "appears to be adverse" to his argument. On that, he is correct. In *Raisor,* the trial court orally granted the plaintiffs' motion to correct error during a hearing but made no formal entry. *Raisor,* 258 Ind. at 2, 275 N.E.2d at 543. The plaintiffs then filed a praecipe to appeal the trial court's decision. *Id.* Thereafter, the plaintiffs filed a praecipe for withdrawal of submission of the cause. *Id.* A few days later, the trial court entered a formal order granting the motion to correct error and back dated the order

to reflect the date of its oral ruling on the motion to correct error. *Id.*

On review of the clerk's withdrawal of the submission, our supreme court held that because the trial court had entered an oral ruling, "no issue was under submission" when the plaintiffs filed their praecipe to remove submission of the cause. *Id.* at 544.

■ Just like the trial court in *Raisor,* here, the trial court issued an oral ruling but did not immediately enter a formal written order. Because the trial court had issued its oral ruling granting summary judgment to Shipley on the issue of the return of attorney fees, this issue was not under submission and did not need to be decided when Shipley filed his praecipe to withdraw submission of the cause.[14] *See id.* at 544.

Furthermore, Shipley's argument that the trial court improperly entered its nunc pro tunc order after he filed his praecipe to withdraw the cause ignores the definition of a nunc pro tunc entry. The trial court's nunc pro tunc order, which made an entry of something that was actually previously done, i.e., the granting of summary judgment on the return of attorney fee issue, took effect as of July 8, 2003, the date the trial issued its oral ruling at the summary judgment hearing. *See Cotton,* 658 N.E.2d at 900 (defining a nunc pro tunc entry as "an entry made now of something which was actually previously done, to have effect as of the former date"). Accordingly, we conclude that the special judge did not abuse his discretion by concluding that the trial court properly entered its summary judgment order nunc pro tunc.[15] *See, e.g., Kovacik v. Kovacik,*

---

**14.** We do note that there were other summary judgment issues that the trial court took under advisement, and these pending issues would have been under submission at the time Shipley filed his Ind. Trial Rule 53.1 motion. However, these other issues are apparently currently pending before the special judge and are not part of this appeal.

**15.** Shipley expresses concern about whether a trial court's back dated nunc pro tunc order

631 N.E.2d 509, 511 (Ind.Ct.App.1994) (holding that the trial court's written nunc pro tunc order, which provided a record of an oral ruling, had effect as of the date of the oral order).

For the foregoing reasons, we affirm the denial of Shipley's Ind. Trial Rule 60 motion and affirm the trial court's nunc pro tunc order granting Shipley's motion for summary judgment on the issue of repayment of attorney fees and ordering Shipley to deposit all fees paid to him as attorney for the former New Friction receivership with the clerk of the Huntington Circuit Court for distribution by that court.

Affirmed.

BAKER, J. and FRIEDLANDER, J. concur.

would preclude his ability to appeal. It is clear that it has not. Furthermore, we have held that "a nunc pro tunc order may not be used to prejudice a party's right to seek review, whether it be from a trial court or from an appellate court." *Fitzgerald v. Cummings,* 792 N.E.2d 611, 616 (Ind.Ct.App.2003).