Alvin L. COTTON, a/k/a Alvin L. Mustafa, a/k/a Hiram Allah Abiff–El, Appellant,

v.

STATE of Indiana, Appellee.

No. 27S02–9512–CR–1351.

Supreme Court of Indiana.

Dec. 14, 1995.

James A. McKown, Jr., Marion, for Appellant.

Pamela Carter, Attorney General, Julie Zandstra Frazee, Deputy Attorney General, Office of the Attorney General, Indianapolis, for Appellee.

ON PETITION TO TRANSFER

DeBRULER, Justice.

Appellant was charged before the Honorable Thomas R. Hunt, regular judge of the Grant Circuit Court, with Conspiracy to Defraud a Financial Institution, Defrauding a Financial Institution, Attempted Fraud on a Financial Institution, and Forgery. In a bench trial before the Honorable Robert Barnet, purporting to act as special judge, appellant was found not guilty of Conspiracy to Defraud a Financial Institution, but was found guilty on all other counts. He was convicted on March 30, 1992, and received an aggregate sentence of sixteen years.

Appellant then appealed his conviction. The Court of Appeals, however, dismissed his appeal. In an unpublished opinion, the Court of Appeals concluded that the Record of Proceedings failed to adequately reflect the Special Judge's qualification and assumption of jurisdiction. Thus, according to the Court of Appeals, there was no final, appealable judgment.

In response to the dismissal by the Court of Appeals, Judge Hunt entered a nunc pro tunc order on December 14, 1993. That order appointed Robert Barnet nunc pro tunc as special judge as of May 22, 1991. On December 16, 1993, Special Judge Barnet also entered his own nunc pro tunc order of qualification and assumption of jurisdiction as of June 5, 1991.

On January 14, 1994, after the aforesaid nunc pro tunc entries, Judge Barnet, acting as special judge and over appellant's objection, ordered that a re-sentencing hearing be conducted. At re-sentencing, Judge Barnet imposed the same penalties for the Fraud and Attempted Fraud charges as before. Noting appellant's good behavior while incarcerated and expression of remorse, however, he ordered that appellant's sentence for forgery be served concurrently, rather than consecutively, with the other four sentences. The aggregate term of the sentences was thereby reduced from sixteen years to eight years.

Incorporating his former claims of trial error and also claiming that the action of Judge Barnet in conducting the re-sentencing hearing as special judge was invalid, appellant prosecuted a second appeal to the Court of Appeals. Once again, the Court of Appeals dismissed the appeal for lack of a final, appealable judgment by concluding that the nunc pro tunc entries were insufficient as a basis for jurisdiction of the special judge as claimed by appellant. The State now seeks transfer. Transfer is granted.

■■■ A nunc pro tunc entry is defined in law as "an entry made *now* of something which was actually previously done, to have effect as of the former date." *Perkins v. Hayward* (1892), 132 Ind. 95, 101, 31 N.E. 670, 672. Such an entry may be used to either record an act or event not recorded in the court's order book or to change or supplement an entry already recorded in the order book. *Stowers v. State* (1977), 266 Ind. 403, 411, 363 N.E.2d 978, 983. Its purpose is "to supply an omission in the record of action really had, but omitted through inadvertence or mistake." *Perkins*, 132 Ind. at 101, 31 N.E. at 672.

■■■ The trial court's record, however, must show that the unrecorded act or event actually occurred. Thus, this Court has required that a written memorial must form the basis for establishing the error or omission to be corrected by the nunc pro tunc order. *Blum's Lumber & Crating, Inc. v. James* (1972), 259 Ind. 220, 223, 285 N.E.2d 822, 824–25. In order to provide a sufficient basis for the nunc pro tunc entry, the supporting written memorial

(1) must be found in the records of the case; (2) must be required by law to be kept; (3) must show action taken or orders

or rulings made by the court; and (4) must exist in the records of the court contemporaneous with or preceding the date of the action described.

*Stowers*, 266 Ind. at 411, 363 N.E.2d at 983. The relevant entries in the CCS read as follows:

05/20/91   Notice: Y            RJO: Y

Order of Disqualification of regular Judge entered.

05/22/91   Notice: Y            RJO: Y

The parties having stricken, the Honorable Robert Barnet is now appointed as Special Judge pending his qualification.

06/05/91   Notice: Y            RJO: Y

Honorable Robert Barnet qualifies and assumes jurisdiction herein as Special Judge. Clerk to issue notice to counsel.

The CCS itself is found with the records of the case. It is also required by law to be kept and shows the trial court's actions, orders, and rulings. Ind. Trial Rule 77(B).[1] Each of the three entries quoted above from the CCS in this record was designated by "RJO: Y" for inclusion in the Record of Judgments and Orders, a designation ordinarily made by the judge. Notice of each entry was required by "Notice: Y" in the entry to be given to counsel. Moreover, the entries exist in the CCS in their proper sequential order, which ordinarily reflects the actual point at which the entries in the CCS were made. There is no reason to suspect that these particular CCS entries were made after the Special Judge's qualification and assumption of jurisdiction.

There is every reason to believe that the CCS entries were routinely made on the recorded dates, however. The entries reflect

1. Chronological Case Summary. For each case, the Clerk of the Circuit Court shall maintain a sequential record of the judicial events in such proceeding. The record shall include the title of the proceeding; the assigned case number; the names, addresses, telephone and attorney numbers of all attorneys involved in the proceeding, or the fact that a party appears pro se with address and telephone number of the party so appearing; and the assessment of fees and charges (Public Receivables). Notation of judicial events shall set forth the date of the event and briefly define any documents, orders, rulings, or judgments filed or entered in the case.

   The Chronological Case Summary shall also note the entry of orders, rulings and judgments in the Record of Judgments and Orders, the entry of judgments in the Judgment Docket (IC 33–17–2–31), and file status (pending/decided) under section (G) of this rule. The Chronological Case Summary shall be an official record of the trial court and shall be maintained apart from other records of the court and shall be organized by case number. T.R. 77(B).

the disqualification of the regular judge, the appointment of a panel of prospective special judges, the striking process, the selection of Judge Barnet as special judge, and his assumption of jurisdiction. For some unknown reason, these entries were not put in the Record of Judgments and Orders. Nevertheless, all of the *Stowers* requirements are met by these entries and the content of the entries sufficiently supports the nunc pro tunc orders of both Judge Hunt and Judge Barnet.

Appellant relies on *Scruggs v. State* (1993), Ind.App., 609 N.E.2d 1148, *as modified*, (1994), Ind.App., 637 N.E.2d 175, *disapproved on other grounds, Floyd v. State* (1994), Ind., 650 N.E.2d 28, to support his claim that a chronological case summary entry cannot provide a sufficient memorial for a curative nunc pro tunc entry of a special judge's qualification and assumption of jurisdiction. In *Scruggs*, the Court of Appeals held that a prefatory entry in a chronological case summary did not suffice to show that the person sentencing the defendant was duly authorized to act as a judicial officer. The Court of Appeals emphasized, however, that the prefatory information contained in that case's chronological case summary lacked the specific dates and details to show that the duly qualified judge had authorized the person imposing sentence to do so. In this case, by contrast, there is more than a computer operator's prefatory entry to support the nunc pro tunc entry. The CCS entries in the present case provide the dates and details of his qualification and assumption of jurisdiction. Therefore, *Scruggs* is clearly distinguishable and does not control this case.

Appellant is correct in saying that a nunc pro tunc entry cannot be used to show that an event happened which did not actually occur. This language, however, should not be read to prevent a trial court from completing its record of what did in fact occur. Both the use and content of these particular CCS entries show that the trial court was using the nunc pro tunc entries to show the full extent of what actually happened, namely, that in 1991, Judge Barnet qualified and assumed jurisdiction in this case. We are

satisfied that the nunc pro tunc entries rest upon sufficient written memorials and that they serve "to make the record speak the truth." *Grider v. Scharf* (1947), 225 Ind. 251, 263, 73 N.E.2d 75, 80, *reh'g granted*, (1947), 225 Ind. 251, 73 N.E.2d 749. The truth is that Judge Barnet did qualify and assume jurisdiction as special judge in this case before sitting in judgment.

The appeal is therefore reinstated and remanded to the Court of Appeals to be resolved on the merits.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.