**MONROE GUARANTY INSURANCE COMPANY, Appellant–Plaintiff,**

v.

**ENGINEERED ROOFING SYSTEMS, INC., Appellee–Defendant.**

No. 82A01–0603–CV–98.

Court of Appeals of Indiana.

Jan. 10, 2007.

Julia Blackwell Gelinas, Dean R. Brackenridge, Lucy R. Dollens, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellant.

James A. Kornblum, Lockyear, Kornblum & Macer, LLP, Evansville, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff Monroe Guaranty Insurance Company (Monroe Guaranty) appeals the grant of appellee-defendant Engineered Roofing System, Inc.'s (ERS) motion for relief from judgment with respect to Monroe Guaranty's declaratory judgment action on an indemnification obligation that Monroe Guaranty allegedly owed to its insured, SunSet Engineering, Inc. (SunSet). Specifically, Monroe Guaranty argues that the trial court abused its discretion in providing relief to ERS and permitting a counterclaim brought by ERS against it to proceed because the record shows that a prior summary judgment order that had been issued by the trial court constituted a final appealable judgment that disposed of all claims in the action. Concluding that the trial court's order on summary judgment amounted to only a partial summary judgment with respect to the original claim that Monroe Guaranty advanced against ERS, we affirm the trial court's grant of relief in favor of ERS and remand this cause to the trial court for further proceedings as to ERS's counterclaim against Monroe Guaranty.

## FACTS [1]

On May 24, 2001, Monroe Guaranty filed a complaint for declaratory judgment against ERS, SunSet, and several others with regard to allegedly defective roofing materials that had been supplied by Sun-Set. In essence, Monroe Guaranty alleged that the insurance policies that it had issued to SunSet did not cover property damage to the insured's own product. Thus, Monroe Guaranty claimed that it had no obligation to indemnify SunSet for damages regarding the repair or replacement of the materials. In response, ERS filed a counterclaim on August 13, 2001, asserting, among other things, that

7. [Said] roofing material, manufactured and sold by SunSet to ERS and thereafter sold by ERS to various customers, in many instances failed causing said customers to experience roofing leaks resulting in interior damage, lost product and other losses, all as more particularly alleged in the various lawsuits filed against SunSet and identified in Monroe's Complaint for Declaratory Judgment.

8. That ERS, in an effort to mitigate SunSet's and Monroe's liability for damages caused by the defective condition of SunSet's product, expended ... $80,698.77 in material and labor costs to effectuate temporary repairs to the premises that had experienced roof leaks due to the SunSet product.

9. That ERS's services provided to SunSet and Monroe in effectuating temporary repairs [are] a covered expense under the terms of Monroe's policies issued to SunSet.

Appellant's App. p. 38–39. As a result of the counterclaim, ERS requested damages from Monroe Guaranty in the amount of $80,698.77, prejudgment interest, and costs. In its reply to the counterclaim, Monroe Guaranty acknowledged that ERS was making a direct claim against it rather than SunSet. Moreover, Monroe Guaranty specifically denied that the material and labor that formed the basis of the counterclaim were performed at Monroe Guaranty's request.

Thereafter, Monroe Guaranty moved for partial summary judgment on September 13, 2002, as to ERS's affirmative defenses of estoppel, waiver, and laches. Monroe Guaranty asserts that it originally captioned its motion as "partial" because it was directed only at SunSet and ERS, and claims against other named parties in the action were still pending at the time.

Monroe Guaranty's motion also requested the trial court to enter a declaratory judgment in a separate action filed by ERS against SunSet in the Vanderburgh Circuit Court on Monroe Guaranty's indemnification obligation to Sunset under the insurance policies for the damages that ERS allegedly sustained. The summary judgment motion did not mention or refer to ERS's counterclaim against Monroe Guaranty. Prior to the summary judgment hearing, all other defendants had been dismissed from the case, leaving only the claims against ERS and SunSet pending at the time of the hearing.

Following a hearing on the motion for partial summary judgment, the trial court entered an order on January 11, 2005, that provided as follows:

[S]ummary judgment is granted for Plaintiff [Monroe Guaranty] regarding Defendant [ERS's] affirmative defenses of estoppel, waiver, and laches. Furthermore, this Court declares that as a

---

1. We heard oral argument in Indianapolis on November 27, 2006. We commend counsel for their able presentations.

matter of law that the applicable policies do not provide indemnification for Sun-Set for damages arising from the repair or replacement of SunSet's product including, but not limited to, the claim for such damages made by ERS including all damages awarded by this Court in its Judgment of December 5, 2003, in Cause No. 82C01–9809–CP325. Judgment is hereby entered accordingly.

*Id.* at 211–12 (emphasis added). This order did not contain a declaration by the trial court in writing expressly determining that there was no just reason for delay and directing the entry of judgment as to less than all of the issues, claims, or parties.

Thereafter, on February 18, 2005, ERS filed a motion for leave to file an amended counterclaim against Monroe Guaranty. The proposed amended counterclaim sought recovery of sums that ERS had expended relating to SunSet products. More particularly, the proposed amended counterclaim asserted that ERS—at Monroe Guaranty's request—provided labor and materials to mitigate and minimize Monroe Guaranty's liability to SunSet claimants and that Monroe Guaranty directly requested ERS to perform temporary repairs for Monroe Guaranty's benefit and failed to pay ERS for those repairs. As a result, ERS maintained that Monroe Guaranty had been unjustly enriched and that Monroe Guaranty's action with regard to ERS amounted to bad faith.

On March 14, 2005, Monroe Guaranty filed its opposition to ERS's request to amend its counterclaim, arguing: (1) because the trial court had already granted judgment as to any and all outstanding claims and parties, there was nothing left to amend and the trial court should not grant ERS's motion for leave to amend unless the judgment was set aside; (2) the issues that ERS belatedly sought to ad-dress through its motion to amend had already been conclusively addressed by the summary judgment proceedings; and (3) ERS provided no justification for its failure to file a motion for leave to amend the counterclaim until well after the entry of the summary judgment order and Monroe Guaranty would have been prejudiced if the amendment was allowed. Notwithstanding Monroe Guaranty's arguments, the trial court granted ERS's motion to file an amended counterclaim on April 4, 2005.

Treating the trial court's ruling as one made pursuant to Indiana Trial Rule 60(B), Monroe Guaranty filed a Notice of Appeal on April 22, 2005. In response, ERS moved to dismiss the appeal for lack of jurisdiction. ERS maintained that dismissal was required because the order being appealed—the grant of ERS's motion for leave to amend its counterclaim—is an interlocutory order that was not certified pursuant to Indiana Appellate Rule 14(B).

On September 30, 2005, the motions panel of this court concluded that the trial court's summary judgment ruling was a final judgment and it, therefore, denied ERS's motion to dismiss. In essence, the motions panel concluded that the trial court's grant of ERS's motion for leave to file an amended complaint after final judgment had been issued was appealable pursuant to Trial Rule 60(C). Thereafter, on November 30, 2005, this court issued an unpublished memorandum decision reversing the trial court's order granting ERS's motion for leave to file an amended counterclaim. *Monroe Guar. Ins. Co. v. Engineered Roofing Sys., Inc.,* No. 82A04–0504–CV–220, 839 N.E.2d 814 (Ind.Ct.App. Nov. 30, 2005). This court determined that the trial court had erred in granting ERS's motion for leave to amend its counterclaim without ERS first having sought relief under Trial Rule 60(B) from the

January 11, 2005, order and judgment. Slip op. at 6.

On December 30, 2005, ERS filed a petition for rehearing in this court. While awaiting a ruling on the petition, ERS filed a motion for relief from judgment in the trial court on January 10, 2006. ERS contended that:

> [I]t was surprised that the trial court's order of January 11, 2005, entered on the issues raised in [Monroe Guaranty's] Motion for Partial Summary Judgment regarding its indemnification of SunSet pertaining to ERS's monetary judgment previously obtained against SunSet in the separate cause, could have been construed to have foreclosed the continuation of ERS's Counterclaim, especially in that [Monroe Guaranty] had not sought, mentioned or referred to the Counterclaim whatsoever in any of its filings preceding the entry of the Order and Judgment on its motion.
>
> ERS did and does have a meritorious claim regarding [Monroe Guaranty's] direct liability to ERS sought under ERS's Counterclaim, as well as what would have been a defense to [Monroe Guaranty's] direct request for summary judgment on the Counterclaim.
>
> . . .
>
> Because the Counterclaim issues are unresolved and unaddressed by the parties, an order of relief from the Order and Judgment of January 11, 2005, should be entered.
>
> To the extent that the Court's Order and Judgment on [Monroe Guaranty's] Motion for Partial Summary Judgment entered January 11, 2005, was a ruling upon that Counterclaim, whether inadvertent or not, it is in the best interest of justice that ERS [be] relieved from the judgment by the Court amending its order and Judgment to be a partial judgment on only the issues raised by [Monroe Guaranty] in its Motion for Partial Summary Judgment as to ERS's affirmative defenses and [Monroe Guaranty's] indemnification obligation to SunSet.

Appellant's App. p. 261–68.

After conducting a hearing on the motion on January 30, 2006, the trial court took the matter under advisement. On February 8, 2006, this court granted ERS's petition on rehearing, vacated the original decision, and dismissed Monroe Guaranty's appeal, reasoning that dismissal was required under *Daimler Chrysler Corporation v. Yaeger*, 838 N.E.2d 449 (Ind.2005). In *Daimler*, our Supreme Court held that Indiana Appellate Rule 66(B) [2] does not authorize jurisdiction over an interlocutory appeal that fails to comply with Indiana Appellate Rule 14.[3]

---

2. Indiana Appellate Rule 66(B) provides:
   No appeal shall be dismissed as of right because the case was not finally disposed of in the trial court or Administrative Agency as to all issues and parties, but upon suggestion or discovery of such a situation, the Court may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the trial court or Administrative Agency.

3. Indiana Appellate Rule 14 provides three ways for this Court to hear an interlocutory appeal: (1) Appellate Rule 14(A) allows interlocutory appeals as of right; (2) Appellate Rule 14(B) permits discretionary interlocutory appeals "if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal"; and (3) Appellate Rule 14(C) authorizes other interlocutory appeals only as provided by statute.

Following dismissal of the appeal, the trial court granted ERS's motion for relief from judgment on February 22, 2006, and entered an amended partial summary judgment order with respect to the order that it had issued on January 11, 2005. The trial court entered a number of findings "to clarify and correct the record," determining that neither party had addressed ERS's counterclaim and that the court had "intended" its January 11, 2005, summary judgment order to be partial. Appellant's App. p. 17–18. The trial court also found that its judgment, "to the extent it could be construed as a final judgment of all issues and as to all parties and, specifically a final judgment as to ERS's counterclaim, was entered as a result of mistake and clerical error." *Id.* at 18. The trial court further stated that it "sua sponte, to clarify the record herein enters its Amended Partial Summary Judgment Order nunc pro tunc for January 11, 2005." *Id.* More particularly, the terms of the order are as follows:

The defendant, [ERS], having filed its Trial Rule 60 motion, the court, having examined said motion, [Monroe Guaranty's] Memorandum in Opposition thereto, heard the arguments of counsel, and having reviewed the record herein, now enters the following findings to clarify and correct the record herein and to rule on ERS's Motion for Relief From Judgment as follows:

1. [Monroe Guaranty's] Motion for Partial Summary Judgment filed September 13, 2002, did not seek, address or request summary judgment on ERS's Counterclaim filed August 13, 2001.

2. Neither party addressed ERS's Counterclaim in their briefs and memoranda supporting or opposing [Monroe Guaranty's] Motion for Partial Summary Judgment, and the Court did not consider ERS's Counterclaim to be at issue for summary judgment purposes in entering the Order and Judgment on January 11, 2005, adjudicating [Monroe Guaranty's] Motion for Partial Summary Judgment.

3. The Court intended its Order and Judgment on the Motion for Partial Summary Judgment entered January 11, 2005, to be a partial summary judgment only as to the issues of ERS's affirmative defenses to [Monroe Guaranty's] Complaint for Declaratory Judgment and [Monroe Guaranty's] indemnification obligation to SunSet, its insured, for the judgment rendered by the Court in favor of ERS against SunSet in Cause No. 82C01–9809–CP325 and not as to ERS's Counterclaim.

4. The Order and Judgment entered by the Court on January 11, 2005, to the extent it could be construed as a final judgment of all issues and as to all parties and, specifically, a final judgment as to ERS's Counterclaim, was entered as a result of mistake and clerical error.

5. The Court grants ERS's Motion for Relief From Judgment.

6. The Court, sua sponte, to clarify the record herein, enters its Amended Partial Summary Judgment Order nunc pro tunc for January 11, 2005.

. . .

This cause came to be heard on [Monroe Guaranty's] Motion for Partial Summary Judgment as to [ERS's] affirmative defenses of estoppel, waiver and laches plead in answer to [Monroe Guaranty's] Complaint for Declaratory Judgment and for a declaration that the applicable policies issued to SunSet Engineering, Inc. do not provide indemnification to SunSet for the damages awarded by this

Court in its judgment of December 5, 2003, in a cause styled *Engineered Roofing Systems, Inc. v. SunSet Eng'g, Inc.* ... and the Court, being duly advised, determines there is no just reason for delay and hereby expressly directs the entry of partial summary judgment as to less than all claims herein, and as to said issues only, partial summary judgment is granted.

IT IS THEREFORE ORDERED that partial summary judgment is granted for the plaintiff, [Monroe Guaranty] as to ERS's affirmative defenses of estoppel, waiver and laches plead in answer to [Monroe Guaranty's] Complaint for Declaratory Judgment; and, furthermore, that this Court declares as a matter of law that the applicable policies issued to SunSet do not provide indemnification to SunSet for the damages awarded by this Court in its Judgment of December 5, 2003, in Cause No. 82C01–9809–CP–325.

Appellant's App. p. 19–20. On June 22, 2006, our Supreme Court denied transfer in Monroe Guaranty's previous appeal. Monroe Guaranty now appeals from the order granting ERS's motion for relief from judgment and allowing ERS to proceed with its amended counterclaim.

## DISCUSSION AND DECISION

### I. Standard of Review

■ In general, a trial court's grant or denial of a motion for relief from judgment is reviewed under an abuse of discretion standard. *Beike v. Beike*, 805 N.E.2d 1265, 1267 (Ind.Ct.App.2004). An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* The trial court's decision with regard to a Trial Rule 60(B) motion is given substantial deference on appeal. *In re the Termination of the Parent–Child Relationship of K.E. and W.E. v. Marion County Office of Family and Children*, 812 N.E.2d 177, 179 (Ind.Ct. App.2004). We will not reweigh the evidence or substitute our judgment for that of the trial court. *Butler v. Shipshewana Auction, Inc.*, 697 N.E.2d 1285, 1288 (Ind. Ct.App.1998).

### II. Monroe Guaranty's Claims

#### A. Issues Already Presented and Ruled Upon

■ Monroe Guaranty argues that the trial court erred in granting ERS's motion for relief from judgment in accordance with Indiana Trial Rule 60(B). In essence, Monroe Guaranty maintains that ERS's motion for relief from judgment merely revived the facts and issues that had already been ruled on by the trial court in the earlier summary judgment proceedings. Put another way, Monroe Guaranty asserts that the trial court's nunc pro tunc entry was erroneous because the effect of that entry improperly afforded the trial court a "license to make judicial changes in the actual law or ruling of the case." Appellant's App. p. 23.

In resolving this issue, we note that this court has determined that where multiple claims are present, a ruling on fewer than all of the claims does not result in a final judgment, and where the claims are separate and distinct, a decision on one is not a decision on the other. *Legg v. O'Connor, M.D.*, 557 N.E.2d 675, 676–77 (Ind.Ct.App. 1990). Also, in *Kreighbaum v. First National Bank*, 776 N.E.2d 413 (Ind.Ct.App. 2002), this court observed that summary judgment directed to less than all of the parties was not an appealable final judgment if it did not involve all of the parties. And in *Berry v. Huffman*, 643 N.E.2d 327, 329 (Ind.1994), our Supreme Court observed:

Trial Rule 54(B) defines the procedure for entering a final judgment as to less than all of the issues, claims, or parties in an action. According to this rule, a judgment as to less than all of the parties is final only when the court in writing expressly determines that there is no just reason for delay and expressly directs entry of judgment. The rule explicitly states that, absent certification, the judgment "shall not terminate the action as to any of the claims or parties" and "is not final." Similarly, T.R. 56(C) states that partial summary judgments are interlocutory unless the trial judge expressly determines in writing that there is not just reason for delay and expressly directs entry of judgment as to less than all the issues, claims, or parties.

These rules provide useful certainty to the parties and place the discretion with the person in the best position to determine the finality of a trial court's order or judgment—the trial judge.

In this case, the record demonstrates that Monroe Guaranty's motion for summary judgment did not address the merits of the counterclaim that ERS had filed against it on August 13, 2001. Indeed, ERS asserted in its counterclaim that Monroe Guaranty was liable to it because, in an effort to mitigate SunSet and Monroe Guaranty's liability, ERS had expended approximately $80,000 in material and labor costs to repair damage to its roofing caused by SunSet's allegedly defective products. Appellant's App. p. 38–39. Monroe Guaranty's response to the counterclaim acknowledged that ERS was making a direct claim against it, rather than against SunSet, inasmuch as it specifically denied that the material and labor costs that formed the basis of the counterclaim were done at Monroe Guaranty's request. Appellee's App. p. 30–31. As noted above, Monroe Guaranty's motion for partial sum-

mary judgment filed on September 13, 2002, only requested partial summary judgment with regard to ERS's affirmative defenses of estoppel, waiver, and laches that were pled in the answer to the initial complaint regarding Monroe Guaranty's purported indemnification obligation. Appellant's App. p. 43.

Following the hearing, the trial court's entry of January 11, 2005, granted summary judgment for Monroe Guaranty as to the affirmative defenses and provided that the "policies do not provide indemnification for SunSet for damages arising from the repair or replacement of SunSet's product." *Id.* at 211–12. Hence, the trial court made no mention of ERS's counterclaim against Monroe Guaranty. Moreover, it is apparent that the trial court further clarified its prior ruling in the February 22, 2006, order regarding ERS's motion for relief from judgment where it stated that no final judgment had been entered on the counterclaim in the original summary judgment determination. *Id.* at 17–18. Put another way, the trial court's order and judgment of January 11, 2005, did not address ERS's counterclaim because Monroe Guaranty had not sought summary judgment on the counterclaim that ERS filed, and the parties did not address the counterclaim during those proceedings. Indeed, as noted above, the motion for partial summary judgment that Monroe Guaranty filed against ERS on September 13, 2002, did not address ERS's counterclaim that was lodged against it. Because ERS's counterclaim was separate and distinct from the indemnification issue that was the subject of Monroe Guaranty's declaratory judgment action, we conclude that the trial court did not abuse its discretion in granting ERS's motion for relief from judgment and in allowing ERS to proceed with its amendment of the counterclaim.

## B. Nunc Pro Tunc Order and "Clarification and Correction" of the Prior Summary Judgment Order

■ Notwithstanding our conclusion above, Monroe Guaranty asserts that the trial court erroneously granted relief to ERS because it improperly styled its February 22, 2006, order as a nunc pro tunc entry. In essence, Monroe Guaranty argues that the entry improperly attempted to render the original summary judgment ruling of December 7, 2004, a partial summary judgment only as to the issues involving Monroe Guaranty's indemnification obligation.

■ We note that in accordance with Trial Rule 60(A), a party is entitled to receive relief from judgment when the judgment contains clerical mistakes. The rule provides in part that, "Clerical mistakes in judgments, orders or other parts of the record therein arising from oversight or omission may be corrected by the trial court at any time . . . on the motion of any party." T.R. 60(A). In essence, the rule permits the trial court to correct clerical mistakes and oversights or omissions that "plague a judgment." *Sarna v. Norcen Bank*, 530 N.E.2d 113, 115 (Ind.Ct. App.1988).

■ Additionally, a nunc pro tunc order has been defined as "an entry made now of something which was actually previously done, to have effect as of the former date." *Cotton v. State*, 658 N.E.2d 898, 900 (Ind.1995). A written memorial must form the basis for establishing the error or omission to be corrected by the nunc pro tunc order. *Id.* Moreover, for a nunc pro tunc entry to be valid, there must be supporting written material that:

(1) must be found in the records of the case;

(2) must be required by law to be kept;

(3) must show action taken or orders or rulings made by the court; and

(4) must exist in the records of the court contemporaneous with or preceding the date of the action described.

*Id.* A nunc pro tunc entry may be used either to record an act or event not recorded in the court's order book or to change or supplement an entry already recorded in the order book. *Brimhall v. Brewster*, 835 N.E.2d 593, 597 (Ind.Ct.App.2005). "The reason for the rule is that in the case of clearly demonstrable mechanical errors the interests of fairness outweigh the interests of finality which attend the prior adjudication. On the other hand, where the 'mistake' is one of substance, the finality principle controls." *Drost v. Prof'l Bldg. Serv. Corp.*, 176 Ind.App. 172, 175, 375 N.E.2d 241, 244 (1978).

In this case, Monroe Guaranty asserts that there was no specific written memorial indicating that the prior summary judgment was not dispositive of ERS's counterclaim until the trial court entered its nunc pro tunc order over one year later. Inasmuch as there was no written note, minute entry, or memorial upon which to base the nunc pro tunc order, it is apparent that the order did not amount to an entry now of "something which was actually previously done" in accordance with our Supreme Court's ruling in *Cotton*. However, even assuming that the trial court improperly styled its order as a nunc pro tunc entry, such a purported error is of no moment in light of our determination that the original summary judgment entry related only to the indemnification claim that Monroe Guaranty brought against ERS. Again, Monroe Guaranty was aware that the claim ERS lodged against it in the counterclaim was independent of the policy indemnification issue, as shown by its response to the counterclaim. And the trial court's original summary judgment ruling

only addressed the defenses of estoppel, waiver, and laches as they related to the indemnification issue. That said, the trial court's amended partial summary judgment order simply clarified that it was granting judgment only as to the specific issues on which Monroe had requested summary judgment, a clarification supported by the record. Hence, Monroe Guaranty has failed to show that the trial court abused its discretion in entering the amended partial summary judgment order, whether or not the order was properly labeled as a nunc pro tunc entry.

The judgment of the trial court is affirmed, and this cause is remanded for further proceedings consistent with this opinion as to ERS's counterclaim against Monroe Guaranty.

NAJAM, J., and BAILEY, J., concur.