**FOR PUBLICATION**



FILED
Aug 14 2013, 5:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CRAIG PERSINGER**
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD DILLON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A05-1210-CR-542 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

INTERLOCUTORY APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Warren Haas, Judge
Cause No. 27D03-1204-FD-215

**August 14, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

The State charged Richard Dillon with operating while intoxicated as a Class D felony based on a prior conviction within five years. Dillon moved to dismiss the felony enhancement because when he allegedly committed the instant OWI, he did not have a prior OWI within five years because the State had inadvertently dismissed it. The trial court denied Dillon's motion to dismiss, reasoning that the trial court had reinstated Dillon's prior OWI conviction with a nunc pro tunc entry. We find that because the trial court made the nunc pro tunc entry reinstating Dillon's prior OWI conviction after he allegedly committed the OWI in this case, he in fact did not have a prior OWI within five years when he allegedly committed the OWI in this case. The trial court should have granted Dillon's motion to dismiss the felony enhancement. We therefore reverse.

**Facts and Procedural History**

In February 2009, the State charged Dillon with, among other things, Count 1 Class A misdemeanor operating while intoxicated and Count 2 Class A misdemeanor possession of marijuana in Cause No. 14D01-0902-CM-109 ("Cause No. 109") in Daviess Superior Court. In August 2009, Dillon pleaded guilty to both counts. The trial court entered judgment of conviction and sentence for Count 1. The court, however, withheld judgment of conviction and sentence for Count 2 pursuant to Indiana Code section 35-48-4-12, which allows a trial court to defer proceedings for possession of marijuana provided that the defendant satisfies certain conditions.[1]

---

[1] Indiana Code section 35-48-4-12 provides:

If a person who has no prior conviction of an offense under this article or under a law of another jurisdiction relating to controlled substances pleads guilty to possession of

2

On February 1, 2011, the State filed a "Motion to Dismiss Count 1 Only." Appellant's App. p. 35. As it was later discovered, however, the State meant to dismiss Count 2, because Count 2 was the only count eligible for dismissal pursuant to Section 35-48-4-12. In any event, the State alleged in the motion to dismiss that Dillon had "complied with all the terms and conditions of I.C. 35-48-4-12 and ha[d] successfully completed the court custody program and paid all fees and costs associated therewith." *Id.* The court granted the motion to dismiss Count 1 that same day, finding that Dillon had "complied with all the terms and conditions of I.C. 35-48-4-12." *Id.* at 36.

A little over a year later, on April 13, 2012,[2] the State charged Dillon in this case with operating while intoxicated as a Class D felony based on a prior conviction within five years in Cause No. 27D03-1204-FD-215 ("Cause No. 215") in Grant Superior Court. *Id.* at 14. The prior conviction alleged was Dillon's August 2009 OWI conviction in Cause No. 109. *Id.* at 15.

Six days later, on April 19, the State filed in Cause No. 109 a "Motion to Reinstate Count 1 and the Conviction Thereon." *Id.* at 39. The State argued that Count 1 was "inadvertently dismissed by the State of Indiana on February 1, 2011. It was the intention of the State of Indiana to actually dismiss Count 2 following the Defendant's completion of the court custody program." *Id.* The trial court granted the motion and

---

marijuana, hashish, salvia, or a synthetic drug or synthetic drug lookalike substance as a Class A misdemeanor, the court, without entering a judgment of conviction and with the consent of the person, may defer further proceedings and place the person in the custody of the court under such conditions as the court determines. Upon violation of a condition of the custody, the court may enter a judgment of conviction. However, if the person fulfills the conditions of the custody, the court shall dismiss the charges against the person. There may be only one (1) dismissal under this section with respect to a person.

[2] According to the probable-cause affidavit, the offense occurred on April 7, 2012.

3

reinstated Dillon's conviction for Count 1 that same day. *Id.* at 40. The State also filed a motion to dismiss Count 2, which the court granted. *Id.* at 38.

In August 2012, Dillon filed a motion to dismiss the felony enhancement. He argued that although the "logical conclusion" was that the State had intended to dismiss Count 2 when it "inadvertently" moved to dismiss Count 1, "[t]he law in Indiana is clear that an enhanced charge of OWI With a Prior as a D felony cannot stand where the predicate offense has been vacated." *Id.* at 26 (citing *State v. Messenger*, 650 N.E.2d 702 (Ind. Ct. App. 1995)). According to Dillon, the fact that the State dismissed the predicate offense by mistake should not matter; what matters is that when he committed the instant OWI, he did not have a prior OWI within five years, which is what the statute requires. Therefore, the felony enhancement should be dismissed. The trial court, however, denied Dillon's motion to dismiss the felony enhancement. The court explained that it was

> obvious that the February 1, 2011, motion and order contain[ed] a scrivener's error by improperly referencing Count 1, when Count 2 was the correct charge and the only charge to which Ind. Code § 35-48-4-12 applie[d]. . . . A scrivener's error, even one that is repeated in two documents, cannot serve as a basis to dismiss the felony enhancement in this case.

*Id.* at 56.

This discretionary interlocutory appeal pursuant to Indiana Appellate Rule 14(B) now ensues.

**Discussion and Decision**

Dillon appeals the trial court's denial of his motion to dismiss the enhancement to his operating while intoxicated charge. Specifically, Dillon argues that the Class D felony enhancement should be dismissed because when he allegedly committed the 2012

4

OWI offense, his 2009 OWI conviction had been dismissed, albeit inadvertently. This presents a question of law that we review de novo.

Indiana Code section 9-30-5-3(a) provides that a person commits OWI as a Class D felony if the person has a previous OWI conviction that occurred within five years of the current violation. It is undisputed that in 2009 Dillon pleaded guilty to Class A misdemeanor OWI in Cause No. 109 and that this occurred within five years of his alleged violation in this case, Cause No. 215. And all parties agree that on February 1, 2011, the State inadvertently dismissed Dillon's OWI conviction instead of the possession of marijuana count in Cause No. 109. *See* Appellant's Br. p. 5 ("DILLON does not challenge the trial court's conclusion that the Daviess County Prosecutor's action in dismissing the OWI count instead of the Possession of Marijuana count was . . . due to an oversight, and that their intention was to dismiss the Marijuana charge pursuant to DILLON's conditional discharge on that count."). The State argues, however, that the inadvertent dismissal of Dillon's OWI conviction in Cause No. 109 was properly reinstated by the trial court's April 19, 2012, nunc pro nunc entry and, therefore, his "[Cause No.] 109 OWI conviction was effective at the date of [Dillon's April 7, 2012,] OWI offense [in this case, Cause No. 215]." Appellee's Br. p. 6.

A nunc pro tunc order is an entry made now of something which was actually previously done, to have effect as of the former date. *Cotton v. State*, 658 N.E.2d 898, 900 (Ind. 1995). Such an entry may be used to either record an act or event not recorded in the court's order book or to change or supplement an entry already recorded in the order book. *Id.* The purpose of a nunc pro tunc order is (1) to correct an omission that

5

actually occurred but was omitted because of inadvertence or mistake and (2) to make the record correspond to what actually happened and to speak the truth of the events that occurred on a particular day. *Id.*; *Miller v. Muir*, 115 Ind. 335, 56 N.E.2d 496, 504 (1944). To correct an error by a nunc pro tunc order, the trial court's record must show that the unrecorded act or event actually occurred. *Cotton*, 658 N.E.2d at 900. A written memorial must form the basis for establishing the error or omission. *Id.* That is, a nunc pro tunc entry cannot be used to show that an event happened which did not actually occur. *Id.* at 901.

Dillon does not really dispute the Daviess Superior Court's authority to make a nunc pro tunc entry to reinstate his 2009 OWI conviction in Cause No. 109 based on the inadvertent dismissal of Count 1 instead of Count 2; instead, what Dillon disputes is the timing of the nunc pro tunc entry in relation to his alleged commission of the offense in this case. *See* Appellant's Reply Br. p. 2 ("The fact is that the Daviess [C]ounty OWI offense had been vacated at the time DILLON allegedly committed the new OWI offense in Grant County. As a matter of law, therefore, the enhancement should be barred."). Dillon's OWI conviction in Cause No. 109 was reinstated *after* he allegedly committed the OWI in this case. This means that when Dillon allegedly committed the OWI in this case, he did not have a prior conviction within five years because the nunc pro tunc entry had not yet been made in Cause No. 109. Had the State moved to reinstate Dillon's inadvertently dismissed OWI in Cause No. 109 *before* he allegedly committed the OWI in this case, then the OWI in this case would be subject to the Class D felony enhancement pursuant to Indiana Code section 9-30-5-3. But that is not what happened.

6

The nunc pro tunc entry therefore could not have been effective when Dillon was arrested and charged in this case for OWI, because no action had been taken yet to reinstate that conviction. Because Dillon did not have a prior OWI within five years when he allegedly committed the instant OWI, the trial court erred in denying his motion to dismiss the felony enhancement.[3] We therefore reverse the trial court.

Reversed.

FRIEDLANDER, J., concurs.

BAKER, J., dissents with separate opinion.

---

[3] The State makes an additional argument. It argues that the Daviess Superior Court's February 1, 2011, order dismissing Count 1 was void because the court lacked authority to act because Section 35-48-4-12 applied only to the marijuana offense yet the court dismissed the OWI conviction. This argument is without merit. The trial court's order was in response to the State's request to dismiss Count 1, the OWI conviction. This case is therefore inapposite to *Beanblossom v. State*, 637 N.E.2d 1345 (Ind. Ct. App. 1994), which the State relies on. In *Beanblossom*, the defendant petitioned for a sentence modification, which the trial court granted. The State then filed a motion to correct errors, claiming that the trial court was without jurisdiction to modify the sentence because the approval of the prosecuting attorney was required because more than 365 days had elapsed. The trial court rescinded its order and entered a new order, this time with the approval of the prosecuting attorney. On appeal, this Court held that after final judgment, a court retains only such continuing jurisdiction as is permitted by the judgment or as is given the court by statute or rule. *Id.* at 1347.

RICHARD DILLON,                  )
                                    )

    Appellant-Defendant,      )
                                    )

        vs.                  )      No.  27A05-1210-CR-542
                                    )

STATE OF INDIANA,          )
                                    )

    Appellee-Plaintiff.        )

**BAKER, Judge, dissenting.**

I respectfully part ways from the majority inasmuch as the trial court lacked the authority to dismiss Count 1. Indiana Code section 35-48-4-12 provides that if a person with no prior conviction

> relating to controlled substances pleads guilty to possession of <u>marijuana</u> . . . as a Class A misdemeanor, the court, <u>without entering judgment of conviction</u> and with consent of the person may defer further proceedings and place the person in the custody of the court under such conditions as the court determines.

(Emphases added).

A judgment of conviction had already been entered on Count 1. Additionally, as acknowledged but quickly dismissed in a footnote by the majority, Section 35-48-4-12 only applied to the marijuana offense. Thus, the trial court's order dismissing Count 1 was void. <u>See</u> <u>In re Guardianship of A.J.A.</u>, No. 48S02-1305-GU-398, slip op at 4 (Ind. July 18, 2013) (stating that if the General Assembly did not intend for the trial court to

8

have the authority, the court's action "was void ab initio and without legal effect"). Moreover, even assuming the trial court's order dismissing Count 1 was not void, we cannot permit criminal defendants to reap the benefits of simple scriveners' errors.