

**FILED**

Jun 19 2019, 10:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana Bureau of Motor Vehicles, | June 19, 2019 |
| *Appellant-Defendant,* | Court of Appeals Cause No. 18A-SC-2524 |
| v. | Appeal from the Morgan Superior Court |
| | The Honorable Sara Dungan, Judge |
| Majestic Auto Body, | The Honorable Terry E. Iacoli, Magistrate |
| *Appellee-Plaintiff.* | Trial Court Cause Nos. 55D03-1711-SC-1206 & 55D03-1711-SC-1207 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Indiana Bureau of Motor Vehicles (BMV), appeals the trial court's partial denial of its motion for relief from judgment as well as the subsequent *nunc pro tunc* orders requiring it to issue salvage titles to two vehicles owned by Appellee-Plaintiff, Majestic Auto Body (Majestic).

We reverse.

# ISSUE

BMV presents one issue on appeal, which we restate as: Whether the trial court abused its discretion by partially denying its motion for relief from judgment.

# FACTS AND PROCEDURAL HISTORY

In November 2017, Majestic purchased a 2013 Dodge Grand Caravan minivan and a 2014 RAM 2500 pickup truck from Insurance Auto Auctions in Texas. Majestic paid $1,648 for the 2013 Dodge minivan and $18,273 for the 2014 RAM truck. The National Motor Vehicle Title Information System (NMVTIS) showed that in October 2017, Hurricane Harvey damaged the vehicles. Consequently, the state of Texas designated both vehicles as junk and issued salvage titles. The NMVTIS printouts indicated that the vehicles are "incapable of safe operation for use on the roads or highways and [have] no resale value except as a source of parts or scrap." (Appellant's App. Vol. II, p. 46). The NMVTIS report also noted that the vehicles can never be "titled or registered." (Appellant's App. Vol. II, p. 46).

[5] As per Majestic's request, on November 10 and 13, 2017, the Indiana State Police Department (State Police) inspected both vehicles. For the 2013 Dodge minivan, the State Police reported that it had a "[n]one rebuild-able [sic] title, however[,] vehicle shows zero signs of damage on non-roadworthyness [sic]." (Appellant's App. Vol. II, p. 20). As for the pickup truck, the State Police's observations were, "FLOOD VEH[ICLE]. CONTAINS NO DAMAGE. APPEARS TO BE IN PERFECT CONDITION." (Appellant's App. Vol. II, p. 25).

[6] Based on the favorable inspections, on November 30, 2017, Majestic filed notices of claim in the Morgan County small claims court under Causes 55D03-1711-SC-1206 (Cause Number 1206) and 55D03-1711-SC-1207 (Cause Number 1207), seeking to obtain a clean title to the minivan and truck, respectively. A hearing to address both claims was set for January 10, 2018.

[7] BMV received a summons for each Cause. On December 14, 2017, BMV wrote two letters to the trial court, stating that it had received summons for Cause Numbers 1206 and 1207 where it had been named as defendant; however, based on the information provided by Majestic in the notices of claim, it had been unable to "review, comply[,] or dispute the validity" of Majestic's claims since BMV's system could not locate the vehicles in its system. (Appellant's App. Vol. II, pp. 26-27). As such, BMV stated that it did not have any "possessory interest" in Majestic's vehicles, it did not have a "position regarding" whom the trial court should "award ownership rights" to, and that it

did not "intend to enter an appearance" under either Causes. (Appellant's App. Vol. II, pp. 26-27).

[8]     On January 10, 2018, the trial court conducted a combined hearing for both Causes. Majestic's owner, Mark Shumaker (Shumaker) appeared *pro se*. BMV was not present. Alleging that the 2013 Dodge minivan was in perfectly good condition and had not suffered any water damage, Shumaker testified that he "didn't even have to pull the carpet . . . . no water has ever entered the vehicle." (January Tr. Vol. II, p. 6). Shumaker equally stated that the 2014 RAM truck showed no signs of water damage and that there was nothing "wrong with it at all." (Jan. Tr. Vol. II, p. 8). Shumaker also offered the inspection reports issued by the State Police in November 2017, declaring both vehicles to be in perfectly good condition despite Texas' designation of the vehicles as junk due to water damage. At the end of the hearing, the trial court issued written orders in Causes 1206 and 1207 (January 10 Orders) directing BMV to "produce a clean title" for the 2013 Dodge minivan and the 2014 RAM truck, respectively. (Appellant's App. Vol. II, pp. 10, 14). The following day the trial court sent notice of the orders to BMV.

[9]     In April 2018, Majestic applied for a clean title for its vehicles from BMV. In July 2018, pursuant to Indiana Trial Rule 60(B), BMV filed duplicate motions for relief from judgment under Causes 1206 and 1207. In both motions, BMV stated that it had inadvertently failed to object to Majestic's notices of claim. BMV attributed its inadvertence and lack of attendance at the January 10th hearing since Majestic's notices of claim lacked the respective vehicle VIN

number, which, in turn, prevented it from assessing whether it had any objections to Majestic's law suits. BMV therefore requested the trial court to vacate the January 10 Orders which required it to issue clean titles to Majestic's vehicles. In support of its motions for relief, BMV submitted NMVTIS printouts which showed that Texas had designated both vehicles as junk, due to water damage in October 2017. Additionally, BMV claimed the January 10 Orders violated Indiana Code section 9-22-3-18, which prohibits titling of a vehicle in Indiana if the vehicle has been designated by another state or jurisdiction to be junked, dismantled, scrapped, or destroyed. A week later the trial court issued an order scheduling a hearing for September 19, 2018.

[10] On September 19, 2018, Majestic appeared by counsel, but BMV was not present. At the start of the hearing, the trial court explained that, BMV, through no fault of its own, had no actual notice of the hearing since BMV's attorney "didn't get listed as an attorney" of record. (September Tr. Vol. II, p. 8). Nevertheless, the trial court proceeded with the hearing. During the hearing, the trial court raised its concern that Majestic's vehicles had been issued "salvaged [sic] titles" in Texas, and that under "Indiana Code, a vehicle that's been designated junk, dismantled, scrap, destroyed, or any similar designation" cannot "be given a clean title in the [s]tate of Indiana." (Sept. Tr. p. 4). The trial court informed Majestic's attorney that if he agreed that the language in the January 10 Orders, which required BMV to issue a clean title to its vehicles was erroneous, then it would issue *nunc pro tunc* orders under each Cause and direct BMV to respectively issue a salvage title instead. The trial

court then stated that if Majestic's counsel disagreed with its position, then the matter would be rescheduled for another hearing so as to give BMV an opportunity to appear and defend its position regarding issuance of any titles. Majestic's counsel settled for the issuance of salvage titles. On the same day, the trial court issued *nunc pro tunc* orders under Cause Numbers 1206 and 1207, changing the wording in the January 10 Orders—*i.e.*, it directed BMV "to produce a salvage title," instead of a clean title, for Majestic's vehicles. (Appellant's App. Vol. II, pp. 8, 12).

[11] BMV timely filed notices of appeal in both Causes. Pursuant to BMV's motion, on December 28, 2018, we consolidated Majestic's cases. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[12] We initially note that Majestic failed to file an appellee's brief. Where the appellee fails to file a brief on appeal, we may, in our discretion, reverse the trial court's decision if the appellant makes a *prima facie* showing of reversible error. *Johnston v. Johnston*, 825 N.E.2d 958, 962 (Ind. Ct. App. 2005). In this context, *prima facie* error is defined as "at first sight, on first appearance, or on the face of it." *Orlich v. Orlich*, 859 N.E.2d 671, 673 (Ind. Ct. App. 2006). This rule was established for our protection so that we can be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. *Johnston*, 825 N.E.2d at 962.

[13]　BMV contends that the trial court abused its discretion by partially denying its Trial Rule 60(B) motion for relief from judgment. In general, a trial court's grant or denial of a motion for relief from judgment is reviewed under an abuse of discretion standard. *Beike v. Beike*, 805 N.E.2d 1265, 1267 (Ind. Ct. App. 2004). An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* The trial court's decision with regard to a Trial Rule 60(B) motion is given substantial deference on appeal. *Monroe Guar. Ins. Co. v. Engineered Roofing Systems, Inc.*, 859 N.E.2d 754, 760 (Ind. Ct. App. 2007). We will not reweigh the evidence or substitute our judgment for that of the trial court. *Id.*

[14]　Here, BMV sought relief from judgment from the trial court's January 10 Orders requiring it to issue a clean title for each of Majestic's vehicles. Following a hearing in September 2018, the trial court did not fully vacate its prior order; instead, the trial court issued *nunc pro tunc* orders under both Causes and required BMV to issue a salvage title to each of Majestic's vehicles.

[15]　BMV argues that although the trial court acted well within its discretion by granting it partial relief and modifying the January 10 Orders, *i.e.*, requiring it to issue salvage titles instead of clean titles—the trial court still acted contrary to law by requiring BMV to issue salvage titles to Majestic's vehicles. Referencing Indiana Code section 9-22-3-18, BMV argues that the statute prohibits it from issuing a title to a vehicle that has been declared as junk, dismantled, scrap, or destroyed by any state or jurisdiction, therefore, the trial court's *nunc pro tunc*

orders requiring BMV to issue salvage titles to Majestic's vehicles is contrary to the law.

[16] The interpretation of a statute is a question of law which we review *de novo*. *Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), *trans. denied*. The best evidence of legislative intent is the language of the statute, giving all words their plain and ordinary meaning unless otherwise indicated by the statute. *Chambliss v. State*, 746 N.E.2d 73, 77 (Ind. 2001). We will presume that the legislature intended the language used in the statute to be applied logically and to avoid an unjust or absurd result. *Nash*, 881 N.E.2d at 1063.

[17] Indiana Code section 9-22-3-18 provides

> A vehicle that has been designated "JUNK", "DISMANTLED", "SCRAP", "DESTROYED", or any similar designation in another state or jurisdiction shall not be titled in Indiana.[1]

---

[1] We commend the State for taping into its creative juices and comparing this case to the classic episode of *Barney's First Car* in *The Andy Griffith* show. *See*, *The Andy Griffith Show*: *Barney's First Car*. *www.imdb.com/title/tt0512451/* (last visited May 20, 2019). In that episode, the lovable Barney Fife empties his life savings to purchase his first car, a 1954 Ford. The seller purports to be an elderly widow struggling to part with her late husband's vehicle, but unbeknownst to Barney Fife, the seller is a member of a gang that dishonestly sells stolen old vehicles as good-condition cars. The State argues that to prevent Hoosiers from finding themselves in Barney Fife's shoes, the General Assembly enacted Ind. Code § 9-22-3-18, and that the aim of the statute is to ensure Indiana citizens are not duped into buying vehicles that have been declared as junk by other states.

[18] BMV maintains that the "trial court misapprehended section 18" by ordering it to issue a salvage title for the 2013 Dodge minivan and the 2014 RAM truck. (Appellant's Br. p. 13). The evidence undeniably establishes that the vehicles had been damaged by a flood, and Texas had designated both vehicles as junk in October 2017. Notwithstanding the State Police's conclusion that the vehicles seemed roadworthy and showed no apparent signs of damage, Indiana Code section 9-22-3-18 is clear that a vehicle which has been designated as junk, dismantled, scrap, destroyed or any similar designation in another state or jurisdiction cannot be titled in Indiana. Instead of vacating the January 10 Orders which required BMV to issue clean titles to Majestic, the trial court issued *nunc pro tunc* orders and ordered BMV to furnish salvage titles to Majestic instead. The trial court reasoned that, because Texas had issued salvage titles to the vehicles, they should therefore receive similar titles in Indiana. However, under the plain and unambiguous terms of Indiana Code section 9-22-3-18, Majestic's vehicles cannot be titled in Indiana since Texas had designated them as junk vehicles.

[19] Since the titling of vehicles that have been designated as junk by another state is not authorized by statute, we conclude that the trial court abused its discretion by not granting BMV full relief to its motion for relief. Accordingly, we reverse the trial court's *nunc pro tunc* orders requiring BMV to issue salvage titles to Majestic's 2013 Dodge minivan and 2014 RAM truck.

# CONCLUSION

For the reasons stated, we reverse the trial court's partial denial of BMV's T.R. 60(B) motion for relief from judgment and remand with instructions to the trial court to vacate the *nunc pro tunc* orders.

Reversed and remanded with instructions.

Bailey, J. and Pyle, J. concur